■ WINIFRED WALSH, Respondent, v KEVIN WALSH, Appellant. [615 NYS2d 717] —In a matrimonial action in which the parties were divorced by judgment dated February 27, 1980, the defendant appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated April 27, 1992, which, after a hearing, granted the plaintiff's motion to compel the defendant to pay her $5,480, representing arrears in alimony and denied his cross motion for a downward modification of the amount of his alimony payments.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement on December 12, 1979, which, *inter alia,* provided: "in the event the [husband] shall lose his employment or suffer a deduction in earnings, the support provisions hereinabove agreed to shall be renogtiated *[sic]* by the parties in view of the [husband's] then existing income[.] [U]pon his return to work earning the sum of forty-thousand dollars ($40,000.00) per annum, the full support herein provided shall be restored." As

this settlement was entered into prior to the effective date of Domestic Relations Law § 236 (B) (9) (b) (L 1980, ch 281, § 9, eff July 19, 1980), and had been incorporated but not merged into the judgment of divorce, it is an independent contract binding on the parties and subject to principles of contract interpretation (see, Kleila v Kleila, 50 NY2d 277, 283; see also, Lewin v Lewin, 91 AD2d 649, 650).

On August 14, 1990, the former wife moved for an order awarding her $5,480 in alimony arrears. The former husband cross-moved for a downward modification of his alimony payments claiming his income had fallen below the $40,000 threshold in 1987 and 1988, and therefore, the settlement mandated a downward modification of the alimony provision, notwithstanding his receipt of a $100,000 inheritance. He further claimed that due to a decline in his health, these monthly alimony payments constituted a hardship.

We conclude that the provision in the settlement which provided for renegotiation of the settlement's support provisions in the event that the former husband's earnings fell below $40,000 per year is nothing more than a triggering mechanism to occasion a review of the alimony award, and does not mandate an automatic reduction of the award. "In order to justify a modification of the alimony provisions, a substantial change in circumstances must be shown and the burden of proving such a change rests upon the party seeking the modification" (Matter of Kronenberg v Kronenberg, 101 AD2d 951; see also, Alfano v Alfano, 151 AD2d 530; Matter of Doscher v Doscher, 80 AD2d 945, affd 54 NY2d 655; Milkowitz v Milkowitz, 79 AD2d 795). In the instant case, the former husband has failed to meet this burden. Since the divorce the former husband has remarried, is the owner of two homes, one in New Jersey and one in Manhattan, and has at least $100,000 in investments. Thus, while the requirements to trigger a review of the alimony award may have been met, neither the former husband's "decline" in health (see, Zacchia v Zacchia, 168 AD2d 677) nor any other factor mandates a reduction in his alimony obligations. Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.