In the Matter of JOHN G. DALLIN, Appellant, v SUSAN N. DALLIN, Respondent. [640 NYS2d 148]

In January 1991 the former husband's position as a commodities trader was terminated. Thereafter, the parties entered into a separation agreement which was incorporated but not merged in the judgment of divorce. That agreement set the former husband's child support obligations and awarded the wife maintenance of $48,000 per year for 10 years. The agreement further provided: "Any decrease in the Husband's income below $300,000 *shall entitle him* to a reduction in maintenance by agreement or application to a Court of competent jurisdiction. In event of such reduction followed by an increase in income for the Husband above $300,000, he shall reimburse to the Wife the reduced sum" (emphasis supplied).

The former husband has been unemployed since 1991, and claims that his annual income since 1992 has fallen below $300,000. The Family Court found that the former husband was not entitled to a reduction in maintenance, even if his income fell below $300,000 per year. However, the agreement clearly provides that any decrease in the husband's income below $300,000 "*shall entitle him* to a reduction in maintenance" (emphasis supplied).

This case is distinguishable from the decision of this Court in *Walsh v Walsh* (207 AD2d 394), which dealt with a stipulation of settlement which provided for "renegotiation", not reduction, of alimony if the husband's income fell below $40,000. Stipulations of settlement are generally not subject to

"renegotiation" (see, Mock v Chamberlain, 224 AD2d 499; Ferraiulo v Ferraiulo, 221 AD2d 412). Further, in Walsh, although the husband's income fell below $40,000, he inherited additional assets of $100,000 in the period in question.

In the instant case, in 1992 the former husband's gross income was $341,792, primarily from capital gains. Since the agreement does not limit the types of income to be considered in whether the former husband's income fell below $300,000, the former husband, pursuant to the terms of that agreement, was not entitled to any reduction in maintenance for 1992. However, it appears that his annual gross income in 1993 and thereafter did in fact fall below $300,000, and he was depleting his assets. Accordingly, we remit the matter to the Family Court for a new hearing and determination of the former husband's maintenance obligations subsequent to 1992.

The former husband did not establish an unanticipated change of circumstances. Accordingly that branch of his application which was for downward modification of child support was properly denied (see, Matter of Boden v Boden, 42 NY2d 210). Santucci, J. P., Altman, Krausman and Goldstein, JJ., concur.