■ In the Matter of CATHY K. ROBINSON, Appellant, v WILLIAM G. ROBINSON, Respondent. [641 NYS2d 738] —Casey, J. Ap-

peal from an order of the Family Court of Cortland County (Mullen, J.), entered May 12, 1995, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, to modify respondent's child support obligation.

The parties married in 1984 and have two children. In November 1991 the parties entered into a separation agreement which provided that respondent would pay petitioner child support of $75 per child per week until the children were emancipated. The agreement further provided that "[e]ither party may apply to the Family Court * * * for a modification of [the support] provision in the same manner and *upon the same standard as required for the modification of a support order of that court*" (emphasis supplied). This agreement was incorporated but not merged into the subsequent judgment of divorce. Petitioner thereafter sought an upward modification of child support based on the children's increased living expenses and respondent's alleged substantially increased income. After a hearing, the Hearing Examiner determined that petitioner had not proved a change of circumstances entitling her to a modification of child support and dismissed the application. Petitioner objected and Family Court decided that the Hearing Examiner had applied the wrong standard for modification. Nonetheless, Family Court also dismissed the application, determining that petitioner had failed to meet her burden of showing entitlement to a modification of child support.

By expressly providing in the separation agreement for modification of the support provision "in the same manner and upon the same standard as required for the modification of a support order", the parties effectively stipulated to the "substantial change in circumstances" standard usually applied to a request to modify the child support provision of a court order (*see, Matter of DeAngelo v Doherty*, 208 AD2d 1012, 1014). In any event, to the extent that petitioner is asserting the right of her children to adequate support, it is sufficient that a change in circumstances has occurred warranting the increase in the best interests of the children, despite the existence of a separation agreement (*see, Matter of Brescia v Fitts*, 56 NY2d 132, 138-140).

Based upon our review of the record, we conclude that petitioner failed to demonstrate the necessary change in circumstances to justify the modification in the children's best interests. Petitioner's conclusory claim of increased expenses, unsupported by other evidence in the record, is insufficient

(*see, Matter of Slack v Slack*, 215 AD2d 798, 799). The record supports the Hearing Officer's finding of only a small increase in respondent's wages, which is insufficient to warrant modification (*see, Matter of Bagnoli v Bagnoli*, 214 AD2d 829). The order of Family Court should be affirmed.

Mikoll, J. P., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.