■ In the Matter of DANIELLE TIBICHRANI, Respondent, v ALEXANDER DEBS, Appellant. [646 NYS2d 360] —In a proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Nassau County (De-Maro, J.), dated January 26, 1993, which, after a hearing, directed the appellant to stay away from the petitioner, her residence and her place of employment, and abstain from disorderly conduct, harassment, menacing, reckless endangerment, assault, or attempted assault against her, for a period of one year.

Ordered that the order is affirmed, without costs or disbursements.

Although the instant order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic *(see, Matter of Bickwid v Deutsch,* 87 NY2d 862; *Matter of Cutrone v Cutrone,* 225 AD2d 768). However, we find no basis to disturb the Family Court's deter-

mination. The question of whether the appellant committed acts of harassment was a disputed factual issue for the court to resolve. As the trier of fact, the Family Court's determination regarding the credibility of witnesses is entitled to great weight *(see, Matter of Cutrone v Cutrone, supra; Matter of Bart v Bart,* 219 AD2d 710). Its determination in that regard is not against the weight of the credible evidence. Therefore the court's action of issuing the order of protection was not improper. Thompson, J. P., Copertino, Krausman and Florio, JJ., concur.