[657 NYS2d 257]

In the Matter of FRANK STUDENROTH, Respondent, v MELODY E. PHILLIPS, Appellant. (And Another Related Proceeding.)

Third Department, May 15, 1997

### APPEARANCES OF COUNSEL

*Louise M. Harding,* Clifton Park, for appellant.

*King Adang & Arpey,* Saratoga Springs *(John W. Arpey* of counsel), for respondent.

*Robert D. Wilcox, Law Guardian,* Troy, for Colin F. Phillips Studenroth and another, infants.

### OPINION OF THE COURT

Spain, J.

The parties were married in September 1985 and have two children: Colin, born in 1986, and Portia, born in 1988. The parties physically separated when petitioner left the marital residence in July 1993. In January 1994 the parties filed separate petitions pursuant to Family Court Act article 6, each seeking custody of the children. On July 29, 1994 the parties eventually agreed to enter a stipulation which was approved by the Law Guardian and by Family Court and which provided for, *inter alia,* joint legal custody of both children, physical custody to be awarded to respondent and extensive visitation awarded to petitioner. Significantly, the stipulation also provided that either party had the right to re-petition Family Court for custody modification within six months of the court's order effectuating the terms of the stipulation and that neither party would have to allege or prove a change of circumstances in order to invoke their agreed right to re-petition.

Citing the stipulation, petitioner re-petitioned Family Court within the permitted six-month time period seeking a change in physical custody of the children and respondent cross-

petitioned alleging violations of the previous order and seeking, *inter alia,* sole custody of the children. Family Court ordered an updated homestudy and a report from the children's psychologist. After an in camera interview with the children,* a five-day hearing and a recommendation from the children's Law Guardian, Family Court, basing its decision on the best interests of the children, dismissed respondent's petition, awarded sole custody of the children to petitioner and set a specific visitation schedule for respondent. Respondent appeals.

██ ██ We affirm. Respondent raises for the first time in her appellate brief the assertion that Family Court erred in enforcing the parties' stipulation that neither would have to establish a change in circumstances if a petition seeking modification were filed within six months. She asserts that it was "an affront to public policy" for the court to dispense with the "required standard" and "substantive requirement" because a sufficient change in circumstances must be shown "to warrant a change in physical custody". It is settled law that the primary consideration in any custody matter is the best interest of the child (*see, Matter of Nehra v Uhlar,* 43 NY2d 242, 248; *Matter of Karpensky v Karpensky,* 235 AD2d 594, 595; Domestic Relations Law § 70 [a]; § 240 [1]). While this Court has held that changes in an *established* custody arrangement should only be made upon a demonstration of a "sufficient change in circumstances" (*Matter of Muzzi v Muzzi,* 189 AD2d 1022, 1023; *see also,* Family Ct Act § 467 [a]; § 652 [a]), under the circumstances of this case we conclude that Family Court properly followed the stipulation and based its decision on the best interests of the children.

██ At the time the stipulation was made both parties were represented by counsel and the children were represented by their Law Guardian; it covered a relatively short period of time, i.e., six months, and it guaranteed that, if either party was unhappy with the custodial arrangement to which they agreed on July 29, 1994, a full hearing dealing with the best interests of the children would occur. The parties in a civil proceeding have the freedom to chart the course upon which

---

* Notably, a copy of that portion of the transcript containing Family Court's June 21, 1995 in camera interview with the children was transmitted to this Court under separate cover. Regrettably, the same interview with the children was never removed from the original transcript of the proceedings. In our view the children's right to strict confidentiality has been violated (*see, Matter of Buhrmeister v McFarland,* 235 AD2d 846, 848).

their "controversy will be resolved and in so doing they can stipulate away statutory and even constitutional rights, unless public policy is affronted" (*Matter of Canabush v Wancewicz*, 193 AD2d 260, 262; *see, Mitchell v New York Hosp.*, 61 NY2d 208, 214). There can be no serious argument that the stipulation in the instant case offended public policy. The custody arrangement subject to the stipulation was far from "established" when petitioner invoked the option of a full and comprehensive best interests hearing, an option available to either parent. Furthermore, it is beyond cavil that the totality of circumstances must be considered in determining whether any custody arrangement should be changed, with the preeminent concern always being the children's best interests (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93).

Here, the stipulation afforded Family Court the opportunity, which it took, to determine the children's best interests based upon proof of events and conditions throughout their lives and not based on "some particular, sudden or unusual event [which] has occurred since the [stipulation]" (*Friederwitzer v Friederwitzer, supra*, at 95). Notably, in *Friederwitzer v Friederwitzer* (*supra*, at 95) the Court of Appeals states that "[t]he standard ultimately to be applied remains the best interests of the child when all of the applicable factors are considered". Furthermore, the weight accorded a custody arrangement based on an agreement of the parents should be less than an arrangement ordered by a court after a trial (*see, Giordano v Giordano*, 93 AD2d 310, 311, *affd after remand* 96 AD2d 653; *see also, Friederwitzer v Friederwitzer, supra*). Accordingly, Family Court had ample basis to enforce the stipulation.

■ We also conclude, after a careful review of the record, that the evidence presented at the hearing supports Family Court's determination that a change in custody was in the best interests of the children. " 'Primary among the circumstances to be considered in determining the best interests of the child are the ability to provide for the child's emotional and intellectual development, the quality of the home environment and the parental guidance provided' " (*Matter of Rozelle v Rozelle*, 184 AD2d 973, 975, *appeal dismissed* 81 NY2d 784, 994, quoting *Matter of Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947). Though prior placement of the children is also a factor to consider, it is not conclusive, especially when based upon a stipulation (*see, Matter of Rozelle v Rozelle, supra*, at 975; *see also, Friederwitzer v Friederwitzer, supra*).

Family Court found, after five days of testimony and its review of various reports and photographic evidence, that the conditions at respondent's home, inside and outside, were deplorable. Testimony also revealed, despite respondent's denials, instances in which respondent used obscene and vulgar language and was verbally abusive to petitioner in the presence of the children. The grooming and hygiene of the children while in respondent's care was found at times to be very poor. The record supports Family Court's conclusion that respondent has difficulty in controlling and disciplining the children; that she has emotional problems manifested by her intense anger toward and hatred of petitioner; that the children should not be separated in any split custody arrangement and that a joint custodial arrangement will clearly be unworkable. The probation reports indicate that petitioner's residence displayed good housekeeping and had plenty of room for the children. The children's relationship with petitioner's wife was found by reports of the psychologists and by Family Court to be excellent. A full review of the record in its totality amply supports Family Court's decision to award sole physical custody to petitioner based on the best interests of the children. Family Court's observations of the witnesses who testified are to be afforded considerable deference (*see, Matter of Kazmi v Kazmi*, 201 AD2d 857, 858).

We reject respondent's contention that Family Court erred in not ordering an updated psychological evaluation from one of the psychologists who had previously evaluated the family in May 1994 which was favorable to respondent, recommending that she have primary custody of both children. Respondent's counsel wrote a letter to Family Court after the commencement of the trial requesting that the report be updated by the psychologist. However, Family Court denied the request on the grounds that the request was untimely and that the trial was already underway. While there was initial confusion regarding the ordering of reports, some of which could be attributed to respondent's own failure to appear with an attorney, we view any oversight by Family Court in failing to order the updating of existing reports *sua sponte* as harmless. The psychologist's original report was in evidence and considered by Family Court and an updated evaluation completed by the children's psychologist was also considered by the court. Family Court's findings reference both reports as well as the probation reports and the court's in camera meetings with the children. In light of the court's broad review of

the evidence, the decision to not order an update of one of the reports cannot be seen as reversible error (*see generally, Matter of Stark v Stark*, 199 AD2d 798; *Matter of Rachel G.*, 185 AD2d 382).

CARDONA, P. J., CASEY, PETERS and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, without costs.