■ LAWRENCE PUTNICK, Respondent, v MIRIAM B. ROCK-CASTLE, Appellant. [666 NYS2d 255] —Carpinello, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered July 9, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of child support.

Pursuant to the parties' October 1988 separation agreement, which was incorporated but not merged into their subsequent judgment of divorce, petitioner was awarded primary physical custody of their son and respondent was awarded primary physical custody of their daughter. Under the separation agreement, petitioner agreed to pay respondent $55 per week in child support. On February 21, 1992, respondent transferred physical custody of the parties' daughter to petitioner, with whom she has resided ever since. At this time, the parties purportedly entered into a written agreement modifying the separation agreement. This alleged modification agreement was not "executed with the same formality" as the separation agreement (*see*, Article XV of Separation Agreement; *compare*, *Lotz v Lotz*, 135 AD2d 1007, *appeal dismissed* 71 NY2d 1012). Since the time of transfer of physical custody, petitioner has not paid child support.

An amended petition for modification was filed by petitioner seeking child support for both children, as well as court-sanctioned termination of his weekly child support obligation. Respondent cross-petitioned for arrears. Following a hearing, the Hearing Examiner denied respondent's request for arrears and ordered her to pay $118 per week in child support for both children. Family Court's order affirming the Hearing Examiner's decision is at issue on this appeal.

We affirm. "Parties to a civil dispute are free to fashion the basis upon which the controversy will be resolved and in so doing they can stipulate away statutory and even constitutional rights, unless public policy is affronted" (*Matter of Canabush v Wancewicz*, 193 AD2d 260, 262). Where, as here, the "children's personal right[s] to receive adequate support [are] not adversely affected" (*Matter of DeAngelo v Doherty*, 208 AD2d 1012, 1014), parties can "stipulate away * * * the 'unanticipated or unreasonable change in circumstances' standard as the basis for

determining future applications between them seeking to modify support" (*id.*, at 1014 [citation omitted]; *see generally, Matter of Robinson v Robinson*, 227 AD2d 703, 704) without offending public policy (*cf., Matter of Studenroth v Phillips*, 230 AD2d 247, 249-250).

That is precisely what occurred in this case. The separation agreement provided that: "The parties agree to the provisions for the support and maintenance of the children as set forth in SCHEDULE B annexed hereto and made an integral part hereof, *PROVIDED HOWEVER*, that in the event physical custody of *either minor child should change subsequent to execution hereof, the parties will, in good faith, make a reasonable adjustment in such support* and in the event they are unable to do so within two (2) weeks from such transfer of custody, the parent having physical custody may Petition the appropriate family court for such support" (*see*, Article IX of Separation Agreement [emphasis supplied]). It further states, as pertinent here, that: "The financial provisions hereinabove set forth in consideration of the current financial circumstances of the parties * * * and each party acknowledges that their [*sic*] respective obligations concerning child support *may be and should be modified upon an appropriate change in either party's financial circumstances, loss of income or increase in income, or improvement of the parties' financial conditions, with the express acknowledgment that as the child grows his or her needs are likely to be more costly and depending upon the same, and the increase of cost of living in general, the current life style of the children, and the additional activities that the child may pursue, as well as the Father's ability to contribute to child support, an increase in his child support obligation may be entirely reasonable*. Should the parties be unable to agree to any modification of child support, a court of competent jurisdiction shall have the right to fix the amount of child support" (*see*, Schedule B, ¶ f of Separation Agreement [emphasis supplied]).

These provisions reflect an intent by the parties to apply a lesser burden of proof in the event either sought a modification of the support provisions by (1) acknowledging that a change of residence may occur and permitting the new custodial parent a reasonable adjustment in support in such event, and (2) acknowledging that its terms are based on the parties' then-financial circumstances and that the children's cost of living and lifestyles will increase over time and that the agreement could and should be modified to reflect such changes (*compare, Matter of Strack v Strack*, 225 AD2d 872, 873, n). Viewed in this context, petitioner's proof concerning his daughter's change

of residence, respondent's increased income and both children's increased living expenses was sufficient to support the modification petition. Accordingly, Family Court did not err in terminating petitioner's obligation to respondent for the support of their daughter or ordering respondent to pay support for both children.

Respondent's remaining contentions have been reviewed and found to be without merit.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.