■ In the Matter of B. Frank Di Novo, Appellant, v Shirley M. Robinson, Respondent. [672 NYS2d 492] —Peters, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered June 30, 1997, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 4, for a downward modification of petitioner's maintenance obligation.

Upon their divorce in November 1988, Supreme Court (Prior, J.) ordered petitioner to pay maintenance to respondent in the amount of $150 weekly, recognizing that various factors may effect an adjustment of such amount in the future. To wit:

"(a) [as] the parties become eligible for social security, and/or

"(b) [petitioner] goes into a retirement mode, thus affecting his income and triggering receipt by [respondent] of her equitable rights in [petitioner's] pension, it shall become necessary to adjust the maintenance. While this Court can see a lessening of [respondent's] need for maintenance and a lessening of [petitioner's] ability to pay, the actual impact cannot be sufficiently determined at this time such as to enable this Court to resolve same."

After fully complying with this order until June 1996, petitioner, age 62, voluntarily retired and sought a downward modification, contending that the above-quoted language of Supreme Court required a mandatory adjustment. After a hearing, the Hearing Examiner dismissed the petition and awarded counsel fees to respondent. Family Court dismissed petitioner's objections and this appeal ensued.

Contrary to petitioner's contention, we find that Supreme Court was merely identifying numerous triggering events which could constitute a change in circumstances warranting the institution of a proceeding seeking a downward modifica-

tion of maintenance. As the language employed did not specify an " 'imminent and measurable change * * * upon the happening of a particular future event' " (*Dawson v Dawson*, 152 AD2d 717, 720-721, quoting *Majauskas v Majauskas*, 61 NY2d 481, 494-495), we find no basis to conclude that such language mandated an automatic downward modification of such award (*see, Walsh v Walsh*, 207 AD2d 394).

As to the dismissal of the petition on the merits, again we find no error. Although petitioner was able to sustain his burden of demonstrating a substantial change in circumstances (*cf., id.*, at 395), such change is unavailing since a modification will not result where the reduction in income is based upon a voluntary action (*see, Matter of Sutphin v Dorey*, 233 AD2d 698; *Matter of Fleischmann v Fleischmann*, 195 AD2d 604; *Matter of Doscher v Doscher*, 80 AD2d 945, *affd* 54 NY2d 655).

Finding no abuse of discretion in the award of counsel fees (*see, O'Brien v O'Brien*, 66 NY2d 576), we affirm Family Court's order.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.