■ In the Matter of CHANDRA COMBS, Respondent, v DAWN SOLOMON, Appellant. [690 NYS2d 103] —In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of disposition of the Family Court, Queens County (Freeman, J.), dated February 4, 1997, which, *inter alia*, granted the petition and excluded the appellant from the petitioner's residence effective February 8, 1997.

Ordered that the order of disposition is reversed, on the facts and as a matter of discretion, without costs or disbursements, and the petition is dismissed.

The Family Court found that the appellant had committed harassment, a family offense (*see,* Family Ct Act § 812; *see also,* Penal Law § 240.26 [3]; Penal Law § 240.25 [former (4)]). The court issued an order of disposition which, *inter alia*, excluded the appellant from the house in which she had been residing with the petitioner, who is also the appellant's sister, and the victim of the appellant's alleged harassment. The terms of the order were to expire on February 4, 1998.

Although the order of protection has expired, the present appeal is not academic (*see, e.g., Matter of Tibichrani v Debs,* 230 AD2d 746). Concerning the merits, we agree with the appellant that the finding of harassment is not supported by the weight of the evidence. We also find that the Family Court improvidently exercised its discretion in not permitting the appellant to testify at the hearing. The appellant was present in the courtroom during the last day of the hearing, and was sworn in. The fact that she had arrived approximately 20 minutes after the proceedings began was not, in light of all the circumstances presented, a valid basis upon which to preclude her from testifying.

Under the circumstances presented, the petition should be dismissed. Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.