■ In the Matter of GINA CORNIELLO, Appellant, v MANUEL G. GAVALAS, Respondent. [693 NYS2d 238] —In a child support proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Queens County (Fitzmaurice, J.), dated August 13, 1998, which denied her objections to an order of the same court (Blaustein, H.E.), dated June 4, 1998, which, after a hearing, denied her application for an upward modification of child support.

Ordered that the order dated August 13, 1998, is reversed, on the law, with costs, the objections are sustained, the order of the Hearing Examiner dated June 4, 1998, is vacated, and the matter is remitted to the Family Court, Queens County, for further proceedings in accordance herewith, which shall be completed with all convenient speed.

The parties entered into a stipulation of settlement which provided, *inter alia,* that the husband was to pay the sum of $150 per week in child support. It also stated that "[t]he parties specifically agree that the support provisions contained here are subject to modification as deemed appropriate by a Court of competent jurisdiction in light of changes in the financial circumstances of the parties, the value of the dollar, and the age of the child".

It is clear that the parties did not intend to limit the court's power to modify the amount of child support only to instances in which the child's needs are not being met, but rather intended to give the court broad power to establish the appropriate amounts for child support if and when it was presented with that issue, and regardless of whether the needs of the child and the parties' circumstances were unanticipated. Since the parties' agreement did not include any such limitations on the court's authority to make modifications, the Hearing Examiner erred in denying the petition because the petitioner failed to show "that the current support provisions contained in a separation agreement are inadequate to meet the needs of the child * * * [and] the award was based on a stipulation or agreement of the parties" and the movant failed to "demonstrate that the increased costs for the child were unanticipated and unreasonable" (*cf., Matter of Brescia v Fitts,* 56 NY2d 132, 138; *Matter of Boden v Boden,* 42 NY2d 210, 213). Accordingly, the matter is remitted to the Family Court, Queens County, for further consideration of this matter. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.