■ SUSAN GLASS, Respondent, v RICHARD GLASS, Appellant. [791 NYS2d 15]—

Order, Supreme Court, New York County (Laura E. Drager, J.), entered on or about April 9, 2004, which, to the extent appealed from as limited by the briefs, denied without prejudice defendant's motion for financial disclosure in conjunction with his quest for downward modification of his support obligation, unanimously modified, on the law, the motion for financial disclosure granted, and otherwise affirmed, without costs.

The court incorrectly interpreted the parties' agreement to require defendant to show extreme hardship before he could move for a downward modification of support upon the death of plaintiff's second parent. Such showing is ordinarily necessary before a modification of an award of support may be ordered. But where a judgment of divorce incorporates by reference, but does not merge with, a stipulation of settlement between the

parties (Domestic Relations Law § 236 [B] [9] [b]; *Pozza v Pozza*, 260 AD2d 360 [1999]), the parties to such agreement may contractually provide for a support modification on a lesser standard than legally required (*cf. Colyer v Colyer*, 309 AD2d 9 [2003]). Defendant could have moved for a downward modification at any time upon a showing of extreme hardship, and did not need to wait for the death of plaintiff's second parent in order to do so. The language employed in the parties' agreement would be superfluous if it were interpreted to require a showing of extreme hardship. Accordingly, defendant is entitled to financial disclosure from plaintiff before moving to adjust his support obligations based on an improvement in her financial situation from an inheritance she might have received. Concur—Mazzarelli, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.