◼ ANTHONY HELLER, Appellant, v BEATRICE HELLER, Respondent. [842 NYS2d 512]—

In a matrimonial action in which the parties were divorced by judgment entered December 24, 1996, the plaintiff appeals from an order of the Supreme Court, Westchester County (Montagnino, R.), entered June 9, 2006, which, after a hearing, denied his motion for a downward modification of his child support and maintenance obligations.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to determine whether, under the terms of the judgment, the plaintiff is entitled to apply for a downward modification of his child support and maintenance obligations and, if so, whether such a modification is warranted and, only if warranted, for a new hearing to determine the reduced amount of child support and maintenance.

The parties entered into a stipulation of settlement that was incorporated, but not merged, into the judgment of divorce. The stipulation provided that the plaintiff would be entitled "to apply for a reduction" in his child support and maintenance obligations if his income fell below a certain monetary threshold, and

that if the parties could not reach an agreement on the amount of the reduced obligation, the plaintiff "shall be entitled to make application to a court of competent jurisdiction to determine the amount of such reduction." Alleging that his income had fallen below the monetary threshold set forth in the stipulation, and that the parties had failed to reach an agreement on the amount of the reduction, the plaintiff moved the Supreme Court for a reduction in his support obligations. Upon finding that the plaintiff had established "prima facie" that his income had fallen below the threshold, the Supreme Court granted the plaintiff's motion "to the extent that there shall be a hearing to determine whether such a downward modification is warranted." In addition, the Supreme Court directed that the plaintiff provide the defendant with a complete copy of the income tax return upon which his motion was based. The referee to whom the matter was referred for hearing interpreted the Supreme Court's order to have determined that the plaintiff had met the threshold for making the application, writing that "[t]his issue was determined by . . . Justice Donovan." The referee denied the motion for a reduction, however, on the ground that the plaintiff's income, after attributing to him a portion of the earnings of his new wife, had not been so greatly reduced as to constitute an unreasonable and unanticipated change in circumstances. The plaintiff appeals and we reverse.

Where a stipulation of settlement is incorporated but not merged into a judgment of divorce, a court may modify a child support or maintenance order derived from the stipulation "upon a showing that there has been an unreasonable and unanticipated change in circumstances justifying the modification" (*Matter of Cox v Cox,* 20 AD3d 527, 528 [2005]; *see Matter of Terjesen v Terjesen,* 29 AD3d 705 [2006]). The parties are free, however, to agree to different terms triggering a change in the obligations of the payor spouse, including the application of a standard other than substantial unanticipated and unreasonable change in circumstances as the basis for determining a modification application, provided that, in the case of child support, the children's personal right to receive adequate support is not adversely affected and public policy is not offended (*see Putnick v Rockcastle,* 244 AD2d 839, 840 [1997]; *Matter of Studenroth v Phillips,* 230 AD2d 247, 250 [1997]; *see also Glass v Glass,* 16 AD3d 120, 121 [2005]; *Colyer v Colyer,* 309 AD2d 9, 16 [2003]). The parties may, in doing so, establish a threshold which the payor spouse must meet before seeking such a reduction (*see e.g. Matter of Dallin v Dallin,* 225 AD2d 768 [1996]; *Walsh v Walsh,* 207 AD2d 394 [1994]).

Here, the stipulation of settlement did not entitle the plaintiff

to a reduction in his obligations if his income fell below the monetary threshold. The language of the stipulation and, particularly, the handwritten interlineation of the words "apply for," make it clear that his entitlement in such circumstances is merely to request such relief, and that, absent an agreement by the parties, the amount of such relief, if any, would be determined by the court. Since the stipulation does not vary the standard by which that application is to be determined, the plaintiff was obligated, even upon satisfying the monetary threshold, to demonstrate a substantial unanticipated and unreasonable change in circumstances in order to establish his entitlement to a reduction (*see Walsh v Walsh, supra*).

In reviewing the determination made by the referee, we conclude that it was error to interpret the Supreme Court's order as having determined that the plaintiff had satisfied the condition precedent to the submission of his application. The Supreme Court, rather, directed that a hearing be held on the plaintiff's entire application, not merely with respect to the amount of any reduction that may be appropriate. In light of the Supreme Court's conclusion that the plaintiff had made only a "prima facie" showing that his income had fallen below the monetary threshold, and the direction that the plaintiff provide further disclosure with respect to the basis for that showing, the clear import of the Supreme Court's ruling was that the hearing was to be held with respect to both the threshold issue and, if the threshold were met, the amount of the reduction.

Finally, in determining that no reduction was warranted, the referee erred in imputing to the plaintiff any percentage of the income earned by his current spouse (*see Matter of Weber v Coffey*, 230 AD2d 865 [1996]; *see also Gina P. v Stephen S.*, 33 AD3d 412 [2006]; *Matter of Dora T.J. v Jean-Paul A.S.*, 224 AD2d 420 [1996]; *cf. Matter of Ladd v Suffolk County Dept. of Social Servs.*, 199 AD2d 393 [1993]).

Accordingly, we remit the matter to the Supreme Court for a new determination as to whether, under the terms of the judgment, the plaintiff is entitled to apply for a downward modification in his child support and maintenance obligations and, if so, whether such a modification is warranted and, only if warranted, for a new hearing to determine the reduced amount of child support and maintenance. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.