■ In the Matter of VINCENT Z., Appellant, v DOMINIQUE K., Respondent. [879 NYS2d 70]—

Order, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about May 2, 2008, which, to the extent appealed from, granted respondent mother's objections, vacated the modified order of support dated February 13, 2008, and reinstated the prior order of support entered December 19, 2005, unanimously modified, on the law, the facts and in the exercise of discretion, the objections denied, and the modified order of February 13, 2008 reinstated, and otherwise affirmed, without costs.

Parties may agree to dispense with the "unanticipated and unreasonable change in circumstances" standard for modifying a support obligation (*see Colyer v Colyer*, 309 AD2d 9, 15-16 [2003]). Here, the record of the open court proceedings regarding the proposed stipulation of settlement indicates that the parties and the support magistrate intended to give the court broad power to modify the parties' child support obligations once respondent obtained full-time employment as a physician. Accordingly, the court improperly granted her objections to the modified order of support and reinstated the prior order on the ground that petitioner father had failed to establish that the stipulation was unfair when entered into, or that respondent's increased earnings were unanticipated and unreasonable (*see generally Matter of Corniello v Gavalas*, 264 AD2d 418 [1999]).

Petitioner did not raise this issue before the Family Court, but it was raised before the Support Magistrate and we consider it in the interest of justice. As the Support Magistrate found, respondent's fivefold increase in earnings constituted a substantial change in circumstances warranting a downward modification of petitioner's child support obligations (*see generally Matter of Freedman v Horike*, 29 AD3d 1093, 1094 [2006]).

Petitioner is not, however, entitled to a credit against future

child support payments for overpayments he has made by virtue of complying with the Family Court's order (*see Matter of Maksimyadis v Maksimyadis*, 275 AD2d 459, 461 [2000]). Concur—Gonzalez, P.J., Buckley, Catterson, McGuire and Renwick, JJ.