1536

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered July 29, 2009 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's objection to an order of the Support Magistrate which determined that respondent was in willful violation of his child support obligation and was not entitled to a modification of that obligation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the objection in part and reinstating respondent's petition and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent father contends that Family Court erred in confirming the Support Magistrate's order that granted the petition seeking, inter alia, a determination that he willfully failed to pay child support pursuant to the judgment of divorce and dismissed the petition of the father seeking a downward modification of his child support obligation. We note at the outset that, although the order in appeal No. 1 does not specify that the Support Magistrate's order is confirmed insofar as it dismissed the father's petition, Family Court in its written decision underlying the order expressly stated that there was "no basis for disturbing the [Support] Magistrate's decision" in that regard. It is, of course, well established that, where there is a discrepancy between a decision and an order, the decision controls (see Matter of Edward V., 204 AD2d 1060, 1061 [1994]). We therefore deem the order in appeal No. 1 to include a provision that Family Court confirmed the order of the Support Magistrate insofar as it dismissed the father's petition seeking a downward modification in child support, and thereby denied that part of the father's objection to the Support Magistrate's order dismissing that petition. In appeal No. 2, the father contends that the court erred in sentencing him to a jail term based on his willful failure to pay child support, as set forth in the order in appeal No. 1.

Addressing first the order in appeal No. 2, we note that the father did not seek a stay of the sentence pursuant to Family Court Act § 1114 (b). Inasmuch as the sentence expired on January 31, 2010, we dismiss appeal No. 2 as moot (*see Matter of Lewis v Cross*, 72 AD3d 1228, 1229 [2010]; *Matter of Leslie v Rodriguez*, 303 AD2d 1016 [2003]; *Matter of Johnson v Boone*, 289 AD2d 938 [2001]).

With respect to the order in appeal No. 1, we agree with the father that both the Support Magistrate and Family Court applied an incorrect standard in determining that he was not entitled to a downward modification of child support. "[W]here a judgment of divorce incorporates by reference, but does not merge with, a stipulation of settlement between the parties . . . , the parties to such agreement may contractually provide for a support modification on a lesser standard than legally required" (*Glass v Glass*, 16 AD3d 120, 120-121 [2005]; *see Matter of Vincent Z. v Dominique K.*, 62 AD3d 402 [2009]; *Heller v Heller*, 43 AD3d 999, 1000 [2007]). Here, the parties' stipulation specifically provided that the father could seek a downward modification of child support based upon a showing of his inability to earn the amount of income imputed to him in the stipulation, without a showing of any change of circumstances. The Support Magistrate therefore erred in denying the request of the father for a downward modification of his child support obligation on the ground that he failed to demonstrate a "substantial and unforeseen change of circumstances," and the court erred in denying that part of his objection to the Support Magistrate's order insofar as it dismissed his petition on that ground. We therefore modify the order by granting the objection in part and reinstating the petition of the father for a downward modification of his child support obligation, and we remit the matter to Family Court, Oneida County, for further proceedings on that petition, consistent with the terms of the parties' stipulation.

We reject the further contention of the father, however, that the court erred in denying that part of his objection to the Support Magistrate's order insofar as it determined that he willfully failed to pay child support pursuant to the judgment of divorce. The admission by the father at the start of the hearing that he had not paid child support as required by the judgment of divorce constituted prima facie evidence of a willful violation of that judgment, and thus the burden shifted to the father to present some competent and credible evidence justifying his failure to pay child support (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Maldonado v Maldonado*, 74 AD3d 971 [2010]; *Lewis*, 72 AD3d at 1229-1230). We conclude

that the father failed to meet that burden. His efforts to contact the Support Collection Unit (SCU) to arrange payment of child support through that office does not rebut the presumption of willful violation inasmuch as the father did not contact the SCU until after the mother commenced this proceeding alleging that he had willfully violated the judgment of divorce. Further, the fact that, prior to entering the judgment of divorce, Supreme Court failed to conduct an inquiry into the father's ability to earn the amount imputed to him pursuant to the parties' stipulation is insufficient to rebut the presumption of willful violation. " 'Stipulations of settlement are favored by the courts and a stipulation made on the record in open court will not be set aside absent a showing that it was the result of fraud, over-reaching, mistake, or duress' " (*Matter of Abidi v Antohi*, 64 AD3d 772, 773 [2009]; *see Matter of Hanlon v Hanlon*, 62 AD3d 702, 703 [2009]; *Cheruvu v Cheruvu*, 59 AD3d 876, 878 [2009]). Here, the parties knowingly and voluntarily entered into the stipulation providing for child support after full disclosure of their respective financial situations and extensive negotiations while represented by counsel. We note that the stipulation addresses the possibility that the father might not be able to earn the income imputed to him inasmuch as the terms thereof permit the father to seek a downward modification of child support based on his inability to earn the imputed amount, without demonstrating a change of circumstances. Finally, the father failed to preserve for our review his contention that petitioner mother's summons failed to include the warning required by Family Court Act § 453 (b) (*see generally Matter of Yamillette G. [Marlene M.]*, 74 AD3d 1066, 1068 [2010]; *Matter of Shalyse WW.*, 63 AD3d 1193, 1197 [2009], *lv denied* 13 NY3d 704 [2009]). Present—Scudder, P.J., Martoche, Centra, Fahey and Green, JJ.