■ LIZBETH PAGAN MARTIN, Respondent, v STEPHEN HAL MARTIN, Appellant. [914 NYS2d 285]—

In a matrimonial action in which the parties were divorced by judgment entered October 24, 2008, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated July 30, 2009, as denied, without a hearing, those branches of his motion which were for a downward modification of his child support and maintenance obligations and, in effect, denied that branch of his motion which was to confer continuing jurisdiction over this action upon the Family Court concurrent with that of the Supreme Court.

Ordered that the order is modified, on the law, by deleting the provision thereof denying, without a hearing, those branches of the defendant's motion which were for a downward modification of his child support and maintenance obligations; as so modified, the order is affirmed insofar as appealed from, without

costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on those branches of the defendant's motion which were for a downward modification of his child support and maintenance obligations and a new determination thereafter on those branches of the motion.

The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties (*see Matter of Gravlin v Ruppert*, 98 NY2d 1 [2002]; *Merl v Merl*, 67 NY2d 359 [1986]; *Nelson v Nelson*, 75 AD3d 593 [2010]). Generally, child support provisions deriving from such an agreement may be modified upon a showing that the agreement was not fair and equitable when entered into, or upon a showing of an unanticipated and unreasonable change in circumstances (*see Merl v Merl*, 67 NY2d 359 [1986]; *Matter of Boden v Boden*, 42 NY2d 210 [1977]; *Nelson v Nelson*, 75 AD3d 593 [2010]). Modification of maintenance obligations deriving from such an agreement generally requires a showing of "extreme hardship" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Rockwell v Rockwell*, 74 AD3d 1045 [2010]).

"The parties are free, however, to agree to different terms triggering a change in the obligations of the payor spouse, including the application of a standard other than substantial unanticipated and unreasonable change in circumstances as the basis for determining a modification application, provided that, in the case of child support, the children's personal right to receive adequate support is not adversely affected and public policy is not offended" (*Heller v Heller*, 43 AD3d 999, 1000 [2007]; *see Matter of Lomanto v Schneider*, 78 AD3d 1536 [2010]; *Matter of Vincent Z. v Dominique K.*, 62 AD3d 402 [2009]; *Glass v Glass*, 16 AD3d 120, 121 [2005]; *Colyer v Colyer*, 309 AD2d 9, 16 [2003]; *Putnick v Rockcastle*, 244 AD2d 839, 840 [1997]; *Matter of Studenroth v Phillips*, 230 AD2d 247, 250 [1997]). "The parties may, in doing so, establish a threshold which the payor spouse must meet before seeking such a reduction" (*Heller v Heller*, 43 AD3d at 1000; *see Matter of Dallin v Dallin*, 225 AD2d 768 [1996]; *Walsh v Walsh*, 207 AD2d 394, 395 [1994]).

Here, the parties' stipulation provided that "[t]he parties acknowledge that the HUSBAND has Multiple Sclerosis. The parties further acknowledge that the support is being based upon the HUSBAND being physically capable of earning ONE HUNDRED FIFTY THOUSAND ($150,000) DOLLARS per year. The Supreme Court, Nassau County retains exclusive jurisdiction for any modification or enforcement proceeding."

The party seeking to modify support provisions has the burden of establishing that modification is warranted (*see Mat-

*ter of Karagiannis v Karagiannis,* 73 AD3d 1064 [2010]). The court is required to conduct a hearing where the parties' affidavits disclose the existence of genuine triable issues of fact (*see Rockwell v Rockwell,* 74 AD3d 1045 [2010]; *Grimaldi v Grimaldi,* 167 AD2d 443 [1990]; *Nordhauser v Nordhauser,* 130 AD2d 561 [1987]).

Here, the defendant raised genuine triable issues of fact as to whether he is capable of earning $150,000 per year. Specifically, the defendant raised triable issues of fact by the submission of his affidavit, in which he averred that because of his physical condition, he is limited in the amount of time he can work, resulting in a decrease in income, and by his submission of recent medical reports documenting his physical limitations. Accordingly, a hearing was warranted on the issues of whether a downward modification of the defendant's maintenance and child support obligations is appropriate.

However, the Supreme Court properly denied that branch of the defendant's motion which was to confer continuing jurisdiction over this action upon the Family Court concurrent with that of the Supreme Court, so as to permit the Family Court to consider enforcement and modification proceedings. In the stipulation of settlement, the parties voluntarily and clearly agreed that the Supreme Court would retain exclusive jurisdiction. The express terms of the stipulation of settlement are binding on the parties in this regard (*see Matter of Gravlin v Ruppert,* 98 NY2d 1 [2002]; *Merl v Merl,* 67 NY2d 359 [1986]; *Nelson v Nelson,* 75 AD3d 593 [2010]). Dillon, J.P., Angiolillo, Belen and Roman, JJ., concur.