■ In the Matter of DARREN GITTENS, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [4 NYS3d 155]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered April 14, 2014, denying a CPLR article 78 petition seeking to annul respondents' determination, dated February 22, 2013, to terminate petitioner's employment, and granting respondents' cross motion to deny the petition and dismiss the

proceeding, unanimously reversed, on the law, without costs, the judgment vacated, the cross motion denied, the petition reinstated and the matter remanded for further proceedings.

The Supreme Court erred in holding that the parties' disciplinary settlement agreement executed in 2012 waived petitioner's right to appeal or seek judicial review of his termination of employment in all scenarios. The agreement's introductory paragraph states that the parties agreed to settle petitioner's violation of a prior agreement where petitioner, who had worked as a cleaner for respondents' hospital since 2003, sold a DVD movie to the visitor of a patient in violation of SUNY DMC policy HR-03 entitled "Sales of Goods and Services in Hospital," and which also violated departmental policies and procedures. Paragraph one of the 2012 settlement agreement provided that should petitioner engage in misconduct that was the "same or similar to" that constituting the violation of the prior agreement, to be determined solely by the Director of Labor Relations or her designee, he would be terminated and could not appeal the penalty in any administrative or legal forum. However, paragraph three of the agreement separately provided that petitioner agreed to adhere to departmental policies and procedures and would be terminated for his failure to do so, but provided no limitation on who would determine his guilt, nor did it waive any judicial review.

It is a cardinal rule of construction that courts should "adopt an interpretation that renders no portion of the contract meaningless" (*Matter of Wallace v 600 Partners Co.*, 205 AD2d 202, 206 [1st Dept 1994], *affd* 86 NY2d 543 [1995]). In the instant matter, respondents terminated petitioner for allegedly taking leave under the Family and Medical Leave Act (*see* 29 USC § 2611 *et seq.*) to care for his ill mother overseas without obtaining prior approval from his department or the Office of Labor Relations. This is not conduct that is the "same or similar to" the sale of goods to a visitor on hospital premises, and hence the strictures of paragraph one of the 2012 settlement agreement, including the waiver of judicial review, are inapplicable. To hold otherwise would be to render superfluous paragraph three, which speaks to the penalty for failing to adhere to policies and procedures generally, but does not include such additional restrictions (*see Glass v Glass*, 16 AD3d 120, 121 [1st Dept 2005]; *Wallace* at 206).

Moreover, respondents failed to follow their own procedures and the terms of the settlement agreement by effectively precluding petitioner from having an opportunity to explain why he should not be terminated.

As the Supreme Court never reached the merits of the petition, we remand for further proceedings. Concur—Sweeny, J.P., Renwick, Moskowitz, Feinman and Kapnick, JJ. [**Prior Case History: 2014 NY Slip Op 30915(U).**]