# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

702
CA 14-02273
PRESENT: SCUDDER, P.J., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

RICHARD E. SAYERS, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JANICE M. SAYERS, DEFENDANT-RESPONDENT.

HANDELMAN WITKOWICZ & LEVITSKY, LLP, ROCHESTER (STEVEN M. WITKOWICZ OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MULDOON, GETZ & RESTON, ROCHESTER (MARGARET MCMULLEN RESTON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered May 21, 2014. The order, among other things, denied the motion of plaintiff for a downward modification of maintenance.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff husband appeals from an order that denied his motion seeking, inter alia, a downward modification of his maintenance obligation and counsel fees. We note at the outset that, while we agree with plaintiff that Supreme Court misapplied our holding in *Foti v Foti* (114 AD3d 1207) in denying that part of the motion seeking a downward modification of his maintenance obligation, the error is of no moment. In *Foti*, we held that the wife was not entitled to partial summary judgment determining that certain property was separate property because there was an issue of fact whether she had commingled her interests in the property with marital property. In so holding, we noted that the parties had filed a joint federal tax return in which the wife reported her interest in the properties as tax losses, and we wrote that " '[a] party to litigation may not take a position contrary to a position taken in an income tax return' " (*id.* at 1208). Here, contrary to the court's determination, plaintiff was not taking a position contrary to a position taken on previously filed tax returns. Plaintiff and his current wife filed joint income tax returns, listing their income and earnings. At the hearing on his motion, plaintiff attempted to distinguish his income and earnings from those of his current wife. He at no time contradicted information contained in the tax return. In any event, we note that, regardless of the court's erroneous reliance on *Foti*, a court may appropriately consider the assets of a party's current spouse in determining whether to modify the party's maintenance obligation (*see*

*e.g. Chisholm v Chisholm*, 138 AD2d 829, 830-831).

We reject plaintiff's contention that the court erred in refusing to modify his maintenance obligation. Generally, where there is a separation agreement that remains in force, "no modification of a prior order or judgment incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party" (Domestic Relations Law § 236 [B] [9] [b] [1]; *see Leo v Leo*, 125 AD3d 1319, 1319; *Martin v Martin*, 80 AD3d 579, 580). The parties to a separation agreement, however, "may contractually provide for a support modification on a lesser standard than legally required" (*Glass v Glass*, 16 AD3d 120, 121; *see Martin*, 80 AD3d at 580; *Heller v Heller*, 43 AD3d 999, 1000), and here the parties did so. The parties' separation agreement provides that, should the husband establish that he has suffered a substantial decrease in his income by reason of circumstances beyond his control, rendering him unable to meet his obligation of support, he "shall be entitled to an adjustment" of his maintenance payments. Even assuming, arguendo, that plaintiff established that he had suffered a substantial decrease in his income by reason of circumstances beyond his control, we nevertheless conclude that he failed to establish that he is unable to meet his maintenance obligations. According to the evidence adduced at the hearing, plaintiff gifted $60,000 to $70,000 to his adult children as the cash value of an insurance policy that he canceled. He gave his youngest child money every year, ranging from $5,000 to $12,500. Plaintiff and his current wife rent a home on Canandaigua Lake "not far from where [they] live." Moreover, plaintiff has substantial assets, including a second home in Florida, and he transferred an annuity in his name to an account in his current wife's name (*see Gerringer v Gerringer*, 152 AD2d 652, 653).

Finally, we reject plaintiff's contention that he is entitled to an award of counsel fees. "Because [plaintiff] has sufficient funds and income with which to pay [his] counsel fees, the court did not err in denying that part of [his] . . . motion seeking such fees" (*Bennett v Bennett*, 13 AD3d 1080, 1083, *lv denied* 6 NY3d 708; *see Burns v Burns* [appeal No. 2], 238 AD2d 886, 886).

Entered:  June 12, 2015                                    Frances E. Cafarell
                                                          Clerk of the Court