Matter of Soldato v Feketa (2018 NY Slip Op 00989)





Matter of Soldato v Feketa


2018 NY Slip Op 00989


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


155 CAF 16-01431

[*1]IN THE MATTER OF LUCILLE A. SOLDATO, COMMISSIONER, ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, ASSIGNEE, ON BEHALF OF ANITA PIEBER, PETITIONER-RESPONDENT,
v
JOHN W. FEKETA, RESPONDENT-APPELLANT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Oneida County (Joan E. Shkane, J.), entered July 25, 2016 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed the Support Magistrate's determination that respondent had willfully violated a prior child support order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent father appeals from an order confirming the determination of the Support Magistrate that he willfully violated a prior child support order. The order also directed that the father be incarcerated for a period of six months. At the confirmation hearing, the mother testified that she was agreeable to a resolution whereby the father, who owed approximately $26,000 in arrears, would make a $3,000 child support payment to the mother that morning; he would make the required future monthly child support payments from the construction job he had recently acquired; and he would receive a suspended sentence of incarceration. Counsel for the father asked Family Court to approve that settlement agreement, which the father, the mother, and petitioner had agreed to that morning. We agree with the father that the court erred in refusing to allow the parties to enter into the settlement agreement (see Keegan v Keegan, 147 AD3d 1417, 1417-1418 [4th Dept 2017]). "Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230 [1984]; see Matter of Lomanto v Schneider, 78 AD3d 1536, 1538 [4th Dept 2010]). "As a general matter, open court stipulations are especially favored by the courts inasmuch as they promote efficient dispute resolution, timely management of court calendars, and the integrity of the litigation process' " (Keegan, 147 AD3d at 1418). Under the circumstances of this case, we conclude that the court erred in refusing to allow the parties to settle the matter, and we therefore reverse the order and remit the matter to Family Court for further proceedings. If the parties no longer wish to settle, we direct the court to hold a new confirmation hearing.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court