■ JAMES J. Fox, Appellant, v ELIZABETH Fox, Respondent. —In a matrimonial action, the plaintiff husband appeals from an order of the Supreme Court, Rockland County (Kelly, J.), dated December 5, 1984, which denied his application to adjudge the defendant wife in contempt for failure to comply with a judgment of divorce dated December 19, 1985.

Order affirmed, with costs.

The plaintiff's application to adjudge the defendant in contempt for failing to cooperate in the sale of the marital home was properly denied. Contempt requires a showing of willfulness. Since it is not at all clear whether the 1977 change in custody from the defendant to the plaintiff of the parties' youngest child, born in 1965, rendered her emancipated within the meaning of the divorce decree so as to trigger the termination of the defendant's exclusive possession and require sale of the home, it cannot be said that the defendant willfully violated the decree in resisting a sale. The ambiguity at issue should be resolved before any application is made to hold the defendant in contempt. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.