■ RONALD BELKIN, Respondent, v ARLENE BELKIN, Appellant. [597 NYS2d 421] —In an action for a divorce and ancillary relief, the defendant wife appeals from so much of an order of the Supreme Court, Nassau County (Yachnin, J.), dated October 3, 1990, as denied her motion, *inter alia,* for an upward modification of child support, and for a judgment for arrears in the children's summer camp costs, and granted the plaintiff husband's cross motion for specific performance of a provision of a separation agreement.

Ordered that the order is modified, on the law, by deleting therefrom the provision denying that branch of the defendant's motion which was for leave to enter judgment for arrears in the children's summer camp costs required under the separation agreement with leave to renew upon her fulfillment of her obligation to pay the plaintiff $44,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a calculation of the plaintiff's arrears in payment of the children's summer camp costs, and entry of an appropriate judgment.

The parties entered into a separation agreement in 1982 which was subsequently modified. Pursuant to a 1986 stipulation modifying that agreement, the defendant was required to pay to the plaintiff the sum of $44,000 within 90 days, in exchange for which the plaintiff's equity interest in the marital residence would be reduced to 25%, and the plaintiff was permitted to remain in the marital residence. The stipulation stated that the parties had agreed that the defendant would

apply for and obtain a mortgage in the amount of $55,000, and that the plaintiff would assist her in obtaining this mortgage. The parties agree that the defendant applied to only one bank for the mortgage, without enlisting the plaintiff's assistance, and was denied the loan for lack of sufficient income.

The trial court properly granted the plaintiff's cross motion and directed the defendant to make all reasonable, good faith efforts to obtain the mortgage and pay the plaintiff $44,000 from the proceeds as agreed in 1986. The defendant did not act in good faith when she failed to seek the plaintiff's assistance in obtaining the mortgage, and the plaintiff never acquiesced in the defendant's failure to fulfill this requirement of the agreement. Furthermore, the denial by order dated June 13, 1988, of the plaintiff's motion to compel sale of the marital residence, did not relieve the defendant of her obligation to pay the $44,000.

The court likewise properly denied the defendant's request for an upward modification of the plaintiff's child support obligations without a hearing. While such financial obligations may be altered "where it is determined either that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need", or where the children's current needs are not being met *(Matter of Brescia v Fitts,* 56 NY2d 132, 138), in the present case, a sufficient evidentiary showing was not made to justify a hearing *(see, David W. v Julia W.,* 158 AD2d 1). We note that the courts generally do not modify an agreement with respect to child support based merely upon a parent's increased income and/or the increased needs of a growing child, unless the child's current needs are not being met *(see, Brevetti v Brevetti,* 182 AD2d 606; *Matter of Bernstein v Goldman,* 180 AD2d 735).

A review of the terms of the separation agreement does not evidence any intent by the parties to make the plaintiff's obligation to pay summer camp costs contingent upon the defendant fulfilling her obligation to pay the plaintiff the sum of $44,000. It was therefore improper for the court to link those independent provisions. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.