■ CHERYLANNE CORCELLA, Now Known as CHERYLANNE PALMA, Appellant-Respondent, v JOSEPH G. CORCELLA, Respondent-Appellant. (And a Related Action.) [645 NYS2d 828]

In 1987, the parties entered into a stipulation agreement which, *inter alia,* (1) granted the mother sole custody of their two children, (2) prohibited her from relocating the children

more than 75 miles from the marital residence without the consent of the father or a court order, and (3) obligated the father to pay child support in the amount of $50 per week per child. The stipulation was incorporated, but not merged, into the judgment of divorce. In or about November 1994 the father moved to enjoin the mother from relocating with the children to Pennsylvania. He alleged that the mother and her new husband threatened to move so that the new husband could seek new employment there. In or about February 1995, the mother applied for an upward modification of the father's child support obligation based on the increased needs of the children and the increase in the father's earnings. The court denied both applications.

With regard to the mother's appeal, it is well settled that an upward modification in child support is appropriate "where it is determined either that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need", or where the children's current needs are not being met (*Matter of Brescia v Fitts*, 56 NY2d 132, 138). Here, the mother failed to make a sufficient evidentiary showing to justify a hearing (*see, Belkin v Belkin*, 193 AD2d 573, 574; *David W. v Julia W.*, 158 AD2d 1; *Verrone v Voegtle*, 103 AD2d 1005). The mother's application was admittedly based solely on the increased needs of the children and the increase in the father's earnings. No mention was made of an inability on her part to meet those increased needs. Courts generally do not modify an agreement with respect to child support based merely upon a parent's increased income or the increased needs of a growing child, unless the child's current needs are not being met (*see, Belkin v Belkin, supra; Brevetti v Brevetti*, 182 AD2d 606, 607). Thus, the mother failed to meet her burden under the facts of this case (*see, e.g., Matter of Higbie v Elder*, 207 AD2d 487). Moreover, given the similar financial circumstances of the parties and the lack of merit of the mother's application, the court did not improvidently exercise its discretion in denying the mother's request for counsel fees (*see, De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881).

The court properly denied the father's application since the conclusory allegations of threats contained therein (*see, O'Riordan v Suffolk Ch., Local No. 852*, 95 AD2d 800) were insufficient to demonstrate a danger of irreparable injury in the absence of an injunction (*see, Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862). Although the mother and her new husband at one time contemplated a move to Pennsylvania, the record

clearly demonstrates that they had no such plan or intention at the time the father made his application for an injunction.

We have examined the parties' remaining contentions and find them to be without merit. Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.