■ In the Matter of STEPHEN D. DOHERTY, Appellant, v BARBARA DeANGELO, Respondent. [645 NYS2d 345] —Cardona, P. J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered April 17, 1995, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 4, to increase the amount of child support.

In a previous appeal to this Court (*see, Matter of DeAngelo v Doherty*, 208 AD2d 1012), we affirmed Family Court's dismissal of respondent's petition seeking an upward modification of the basic $35 per-child per-week child support obligation for the parties' two children, Colleen, born in 1973, and Brian, born in 1977, as established in the parties' survival separation agreement executed in September 1980. We did so after finding that respondent's proof—which was limited to a showing of petitioner's increased income, the increased needs of the parties' growing children and speculation on the amount of uninsured medical expenses—fell short of satisfying the unanticipated change of circumstances criterion of *Matter of Boden v Boden* (42 NY2d 210, 213; *see, Matter of DeAngelo v Doherty, supra*, at 1014).

On September 23, 1994, Colleen, who was by then in college, turned 21. In September 1994, petitioner commenced the

instant proceeding to terminate Colleen's support. Respondent cross-petitioned for an upward modification in the support paid for Brian alleging unanticipated changes in circumstances. Following a hearing, the Hearing Examiner terminated petitioner's support obligation for Colleen but increased the support obligation for Brian from $35 to $90 per week,* making the requisite finding, inter alia, under Boden (supra) that Brian's profound hearing loss, occurring after the execution of the agreement, constituted an unanticipated change in circumstances resulting in increased needs. Petitioner filed written objections which were denied by Family Court. This appeal ensued.

We affirm. The record supports respondent's claim that Brian's hearing loss sustained at age 10, after contracting spinal meningitis, was unanticipated by the parties at the time they executed their separation agreement. Indeed, petitioner concedes this point. Having proven the Boden criterion for a modification of the support provisions of the parties' agreement due to Brian's medical condition, Family Court did not abuse its discretion in granting respondent's cross petition and calculating support in accordance with the Child Support Standards Act (see, Family Ct Act § 413; Matter of Urbach v Krouner, 213 AD2d 833, 835; Matter of Meyer v Meyer, 205 AD2d 784; Riseley v Riseley, 173 AD2d 1103, 1104).

We find no merit in petitioner's remaining contentions.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Family Court deviated from application of the Child Support Standards Act formula (see, Family Ct Act § 413 [1] [c]) and awarded a lesser amount (see, Family Ct Act § 413 [1] [f]).