■ MARILYN SPARACIO, Respondent, v MATTHEW J. SPARACIO, Appellant. [670 NYS2d 558] —In an action, *inter alia,* to recover damages for breach of a stipulation of settlement of a prior divorce action which was incorporated but not merged into a judgment of divorce between the parties, the defendant former husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated November 1, 1996, as granted the plaintiff former wife's motion for summary judgment on the first cause of action and denied his cross motion for summary judgment dismissing that cause of action, and (2) from a judgment of the same court entered November 8, 1996, which is in favor of the plaintiff and against him in the principal sum of $19,223.80.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The parties to the present action were formerly husband and wife. In a prior action for a divorce, the parties executed a stipulation of settlement governing the distribution of the marital property, the payment of spousal maintenance, child support, and other matters. Pursuant to the stipulation the appellant former husband was to pay the plaintiff former wife maintenance in the amount of $175 per week for six years, or until

her death or remarriage, as well as child support in the amount of $240 per week. The judgment of divorce, entered August 3, 1993, contained provisions that mirrored the terms of the parties' settlement agreement, including those which fixed the appellant's monthly maintenance obligation at $175 per week and his child support obligation at $240 per week. Pursuant to the last decretal paragraph in the judgment of divorce, the stipulation of settlement was to survive and not be merged in the judgment.

In August 1994 the appellant sought downward modification of the maintenance and child support provisions contained in the judgment of divorce in the Family Court, Rockland County. After a hearing, the Family Court, *inter alia,* entered an order dated April 15, 1996, which decreased the appellant's maintenance obligation to $110 per week and his child support obligation to $109.61 per week. The plaintiff former wife thereafter commenced the instant plenary action in the Supreme Court against the appellant to recover, *inter alia,* damages for breach of the settlement agreement.

The Family Court is a court of limited jurisdiction and is without the power to set aside or modify the terms of a settlement agreement (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Kleila v Kleila,* 50 NY2d 277, 282; *Matter of Carpenter v Reiter,* 231 AD2d 629). Unlike an order of the Supreme Court, which can modify the provisions of a divorce judgment, a Family Court order can neither supersede the provisions of a surviving settlement agreement, nor divest the supported spouse of the right to sue on the contract in a plenary action to collect the difference between the amount provided for in the settlement agreement and the reduction directed by the court (*see, Matter of Talandis v Talandis,* 233 AD2d 689; *Matter of Arnold v Fernandez,* 184 AD2d 805, 806; *Rogers v Rogers,* 162 AD2d 1008; *Matter of Zamjohn v Zamjohn,* 158 AD2d 895, 896; *Matter of Cohen v Seletsky,* 142 AD2d 111, 120). Accordingly, the Supreme Court properly granted the wife summary judgment on her cause of action to recover damages for breach of the settlement agreement. O'Brien, J. P., Joy, Friedmann and Goldstein, JJ., concur.