■ Diane G. Doty, Respondent, v Jonathan Doty, Appellant. (Action No. 1.) Diane DeGirogio, Also Known as Diane Goding, Also Known as Diane G. Doty, Respondent, v Jonathan Doty, Appellant. (Action No. 2.) [692 NYS2d 96] —(1) In a matrimonial action in which the parties were divorced by judgment entered August 25, 1992 (Action No. 1), the defendant former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered February 13, 1998, as denied his motion to hold the plaintiff former wife in contempt and required that at the closing of the sale of the former marital residence "the net proceeds, after payment of the first mortgage and the closing costs, are to be held in escrow", and (2) in an action to recover damages for breach of a stipulation of settlement which was incorporated, but not merged, into the judgment of divorce between the parties (Action No. 2), the defendant former husband appeals, as limited by his brief, from so much of an order of the same court (Lefkowitz, J.), entered May 20, 1998, as granted the plaintiff former wife's motion for summary judgment.

Ordered that the order entered February 13, 1998, is modified by deleting the provision in the third decretal paragraph directing that "the net proceeds, after payment of the first mortgage and the closing costs, are to be held in escrow", and substituting therefor the provision "the net proceeds, after the payment of the sums listed in the twenty-second decretal paragraph of the judgment of divorce entered August 25, 1992, are to be held in escrow"; as so modified, the order entered February 13, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered May 20, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

In the matrimonial action, the Supreme Court properly

refused to hold the former wife in contempt inasmuch as there was no showing of a willful failure to comply with the court's directive (*see, Fox v Fox,* 120 AD2d 488).

The court erred, however, in altering the provision of the judgment of divorce, into which a surviving separation agreement was not merged, requiring the deduction of certain sums from the gross sales price of the marital residence, and we modify the order accordingly.

Regarding the action to recover damages for breach of the stipulation of settlement, the parties' judgment of divorce incorporated the terms of the stipulation which provided, *inter alia,* that the defendant was to pay to the plaintiff child support in the amount of $200 per week. Thereafter, the defendant sought downward modification of the child support provisions contained in the judgment of divorce in the Family Court, Westchester County. The Family Court, *inter alia,* entered an order dated November 20, 1996, which decreased the defendant's child support obligation to $93 per week. The plaintiff thereafter commenced the instant plenary action in the Supreme Court to recover, *inter alia,* damages for breach of the settlement agreement.

The Family Court is a court of limited jurisdiction and is without the power to set aside or modify the terms of a settlement agreement (*see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Sparacio v Sparacio,* 248 AD2d 705). Unlike an order of the Supreme Court, which can modify the provisions of a divorce judgment, a Family Court order can neither supersede the provisions of a surviving settlement agreement, nor divest the supported spouse of the right to sue on the contract in a plenary action to collect the difference between the amount provided for in the settlement agreement and the reduction directed by the court (*see, Sparacio v Sparacio, supra*; *Matter of Talandis v Talandis,* 233 AD2d 689). Upon our review of the record, we conclude that the Supreme Court properly granted the plaintiff summary judgment to recover damages for breach of the settlement agreement.

We note that the court properly exercised its discretion in staying execution of the judgment in Action No. 2 pending the plaintiff's compliance with certain terms of the settlement agreement, to wit execution and delivery of all documents necessary to transfer title of the former marital residence to the defendant as well as documents required for the recording of the transfer documents, including, but not limited to, a capital gains affidavit and/or an equalization and assessment form. Bracken, J. P., S. Miller, Thompson and Sullivan, JJ., concur.