■ Chaim Garncarz, Appellant, v Anne Garncarz, Respondent. [709 NYS2d 113] —In a matrimonial action in which the parties were divorced by judgment dated December 4, 1995, in which a stipulation of settlement entered into between the parties on August 31, 1995, was incorporated but not merged, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered April 12, 1999, as, upon granting his motion for reargument, adhered to the original determination in an order of the same court, entered January 25, 1999, denying his cross motion, *inter alia,* for reimbursement

of amounts paid for the college expenses of the parties' older daughter, and granting the defendant former wife's motion, *inter alia*, to modify the judgment of divorce to direct him to pay a portion of their younger daughter's automobile expenses.

Ordered that the order is modified, on the law, by deleting the provision thereof which adhered to so much of the original determination as granted that branch of the defendant former wife's motion which was to modify the judgment of divorce to direct the appellant to pay a portion of the automobile expenses of the parties' younger daughter, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the order entered January 25, 1999, is modified accordingly.

The original judgment of divorce, entered upon the parties' stipulation, provided that the appellant would pay 67% of the expenses in maintaining a 1988 Honda automobile owned by the defendant but used by the parties' older daughter. The judgment did not require the appellant to pay expenses for a second car to be used by the parties' younger daughter. That the younger daughter would reach legal driving age was not an unforeseen change of circumstances justifying modification of the judgment (*see, Matter of Boden v Boden,* 42 NY2d 210). Nor is there any evidence in the record that the needs of the younger child are not being met (*see, Matter of Brescia v Fitts,* 56 NY2d 132).

The appellant's remaining contentions are without merit (*see, Belkin v Belkin,* 193 AD2d 573; *Praeger v Praeger,* 162 AD2d 671; *Patti v Patti,* 146 AD2d 757). Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.