■ MELVIN M. GOTTLIEB, Appellant, v CAROL J. GOTTLIEB, Respondent. [742 NYS2d 873] —In an action, inter alia, to recover

damages for breach of an oral modification of the parties' stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated July 13, 2001, which granted the defendant's motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (4).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court erred in granting that branch of the defendant's motion which was to dismiss the complaint based upon the pendency of an action in the Family Court, Queens County, to recover alimony arrears. The plaintiff seeks, inter alia, reformation of the parties' stipulation of settlement which was incorporated but not merged into the parties' judgment of divorce. A stipulation of settlement incorporated but not merged into a judgment of divorce may be reformed only in a plenary action (*see Dombrowski v Dombrowski,* 239 AD2d 460; *Fine v Fine,* 191 AD2d 410, 411; *Frieland v Frieland,* 200 AD2d 484; *Caldwell v Caldwell,* 209 AD2d 1022). The plaintiff also seeks a declaration with respect to the parties' alleged oral modification of the stipulation. The Family Court does not have jurisdiction to modify the parties' separation agreement or to declare the validity of the parties' alleged oral modification (*see* Family Ct Act § 466; *Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Kleila v Kleila,* 50 NY2d 277, 282; *Doty v Doty,* 262 AD2d 349, 350; *Sparacio v Sparacio,* 248 AD2d 705, 706). Accordingly, because the relief sought in this action is not available in the pending Family Court action, the defendant's motion to dismiss pursuant to CPLR 3211 (a) (4) should have been denied (*see Phelps v Phelps,* 84 AD2d 911, 912; Siegel, NY Prac § 262 [3d ed]).

Domestic Relations Law § 238 permits the court to award counsel fees for legal services rendered in the prosecution or defense of efforts to enforce certain financial provisions of matrimonial orders and judgments. The Supreme Court erred in granting that branch of the defendant's motion which was for an attorney's fee pursuant to Domestic Relations Law § 238 for her defense of the plaintiff's plenary action seeking reformation or modification of the parties' stipulation. O'Brien, J.P., Friedmann, H. Miller and Crane, JJ., concur.