■ Ivy ENGEL, Appellant, v MARK E. JACOBS, Respondent.
[747 NYS2d 531]

The parties entered into a separation agreement (hereinafter the Agreement) dated June 21, 1989, which was incorporated but not merged into the judgment of divorce entered October 1, 1990. In 1993, the parties agreed, by correspondence, that the defendant former husband would reduce the face value of his life insurance policy to $250,000. In January 2001, the plaintiff former wife moved for an upward modification of the defendant's child support obligation, pursuant to the Child Support Standards Act, to direct the defendant to produce proof of the existence of life insurance with a face value of $500,000 pursuant to the Agreement, and for an award of counsel fees. The Supreme Court denied the plaintiff's request for increased child support and counsel fees, and directed the defendant to provide proof of the existence of life insurance in the amount of $250,000 pursuant to the correspondence between the parties.

A child support agreement arrived at pursuant to a stipulation of settlement, which is incorporated but not merged into the divorce decree, should not be disturbed absent a showing that the agreement was unfair or inequitable at the time that it was made, that an "unanticipated and unreasonable change in circumstances has occurred resulting in a concomitant need" (*Merl v Merl,* 67 NY2d 359, 362; *see Matter of Boden v Boden,* 42 NY2d 210, 213; *Norman B. v Joette B.,* 229 AD2d 412, 413), or that the child's right to receive adequate support is not be-

ing met (see Norman B. v Joette B., supra; Matter of Brescia v Fitts, 56 NY2d 132, 139-140; Belkin v Belkin, 193 AD2d 573, 574). The parties do not dispute that the Agreement was fair and equitable when it was entered into. In seeking an upward modification of the defendant's child support obligation, the plaintiff is asserting her own interest in having the defendant contribute more to their child's needs than provided for in the Agreement. As the plaintiff's application for increased child support was addressed solely to readjusting the respective obligations of the parents to support their child, in order to satisfy her burden, she must establish that the increased costs in raising their child were an unanticipated and unreasonable change in circumstances (see Matter of Brescia v Fitts, supra at 139).

Courts generally will not modify an agreement with respect to child support based merely upon a parent's increased income, or the increased needs of a growing child, unless the child's current needs are not being met (see Corcella v Corcella, 228 AD2d 637, 638; Belkin v Belkin, supra; Brevetti v Brevetti, 182 AD2d 606, 607). Here, the record fails to support the plaintiff's contention that the child's needs were not being met. Accordingly, the Supreme Court correctly denied the plaintiff's application for an upward modification of the defendant's child support obligation.

The plaintiff contends that the Supreme Court erred in directing the defendant to produce proof of the existence of life insurance in the amount of only $250,000. She argues on appeal that the Agreement requires that any modification be in writing subscribed with the same formality as the Agreement itself. Thus, the plaintiff asserts that the exchange of letters between the parties could in no way constitute an amendment to the Agreement with respect to the defendant's life insurance obligations. This argument, however, was not made in the Supreme Court in the first instance, and, therefore, it is improperly raised for the first time on appeal (see Mann v All Waste Sys., 293 AD2d 656; First Nationwide Bank v Goodman, 272 AD2d 433, 434; Matter of ELRAC, Inc. v Edwards, 270 AD2d 414, 415).

Finally, the denial of the plaintiff's application for counsel fees was a provident exercise of discretion (see Domestic Relations Law § 237 [b]). Florio, J.P., Feuerstein, Krausman and Crane, JJ., concur.