■ In the Matter of GEORGE EAGAN GINTHER, Appellant, v MARY O'GRADY GINTHER, Respondent. [786 NYS2d 774]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered September 10, 2003. The order denied plaintiff's motion seeking, inter alia, an order punishing defendant for contempt of court.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied without a hearing plaintiff's motion seeking, inter alia, an order punishing defendant for contempt of court based upon her alleged failure to comply with an order directing her to turn over to plaintiff certain items of personal property. A hearing is not mandated "in every instance where contempt is sought; it need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (*Bowie v Bowie*, 182 AD2d 1049, 1050 [1992]). Here, plaintiff's submissions "raise no issue of fact necessitating a hearing" (*id.*; *cf. Chanin v Chanin*, 59 AD2d 671, 672 [1977]), and nothing in the record would support a finding that defendant willfully failed to comply with the prior order (*see Doty v Doty*, 262 AD2d 349, 349-350 [1999]). Plaintiff failed to preserve for our review his contentions that the court was biased (*see Matter of Aaron v Kavanagh*, 304 AD2d 890, 891 [2003], *lv denied* 1 NY3d 502 [2003]) and that the court erred in failing to recuse itself (*see Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]). The court did not abuse its discretion in denying the "cross-application for quantum meruit award for attorney's fees" submitted by plaintiff's attorney (*see* Domestic Relations Law § 237 [a]; *Pudlewski v Pudlewski*, 309 AD2d 1296, 1297 [2003]). Finally, there is no basis for an award of sanctions and costs against defendant or her counsel (*see generally* 22 NYCRR 130-1.1). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.