■ In the Matter of SUSAN HUDDLESTON, Respondent, v NORMAN HUDDLESTON, Appellant. [788 NYS2d 411]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Edlitz, J.), entered November 7, 2003, which denied his objections to an order of the same court (Furman, S.M.), entered September 4, 2003, which, after a hearing, inter alia, granted the mother's petition, among other things, for an upward modification of the father's child support obligation and the payment of a pro rata share of the children's summer camp expenses.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the father's objection to so much of the order entered September 4, 2003, as directed an increase in his child support obligation, and substituting therefor a provision granting that objection; as so modified, the order is affirmed, without costs or disbursements, and the order entered September 4, 2003, is modified accordingly.

The Family Court is a court of limited jurisdiction and is without the power to set aside or modify the terms of a settlement agreement (see Matter of Brescia v Fitts, 56 NY2d 132, 139 [1982]; Doty v Doty, 262 AD2d 349 [1999]; Sparacio v Sparacio, 248 AD2d 705 [1998]). Therefore, the father's contention that the terms of the stipulation regarding the child support provisions in the settlement agreement were void and unenforceable because they did not contain the specific "opt-out" recitals mandated by the Child Support Standards Act (hereinafter the CSSA; see Domestic Relations Law § 240 [1-b] [h]) was jurisdictionally defective, as this proceeding was brought in the Family Court rather than the Supreme Court. In any event, a review of the stipulation reveals that the parties clearly did not intend to "opt-out" of the CSSA guidelines, but intended to follow them. Since the child support provisions of the stipulation cannot be interpreted as an "opt-out" of the CSSA guidelines by the parties, the stipulation was not required to contain the additional recitals regarding the amount of child support that would have been calculated under the CSSA and the parties' reasons for not utilizing this amount (see Domestic Relations Law § 240 [1-b] [h]; Pellot v Pellot, 305 AD2d 478, 480 [2003]).

Where a party seeks to modify the child support provision contained in a prior order or judgment, he or she must demonstrate a "substantial change in circumstance" (Domestic Relations Law § 236 [B] [9] [b]). Among the factors to be considered

in determining whether there has been a change in circumstances warranting an upward modification of support are "the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Shedd v Shedd,* 277 AD2d 917, 918 [2000]). While an increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of child support, this factor alone is not determinative (*see Corcella v Corcella,* 228 AD2d 637 [1996]; *Belkin v Belkin,* 193 AD2d 573 [1993]).

As the mother failed to demonstrate any increase in her children's needs or that their needs were not being met, modification of the father's child support obligation was not warranted.

The father's remaining contention is without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.