■ In the Matter of STEVEN DIGIORGI, Appellant, v CAROLYN BUDA, Respondent. [809 NYS2d 565]—

In a proceeding pursuant to Family Court Act article 4 for an upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Blass, J.), dated December 16, 2004, which denied his objections to an order of the same court (Buetow, S.M.), dated October 12, 2004, which denied his petition.

Ordered that the order is affirmed, without costs or disbursements.

Where a party seeks to modify the child support provision of a prior order or judgment, he or she must demonstrate an unanticipated "substantial change in circumstance[s]" (Domestic Relations Law § 236 [B] [9] [b]; *see Weiss v Weiss*, 294 AD2d 566, 567 [2002]; *Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]). "Among the factors to be considered in determining whether there has been a change in circumstances warranting an upward modification of support are 'the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children' " (*Matter of Love v Love*, 303 AD2d 756 [2003], quoting *Shedd v Shedd*, 277 AD2d 917, 918 [2000]). "While an increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of child support, this factor alone is not determinative" (*Matter of Love v Love, supra* at 756; *see Shedd v Shedd, supra*).

Here, the father, who has custody of the parties' two children, sought to modify the child support provision of the parties'

judgment of divorce to require the mother to pay additional support, primarily based upon the fact that she has increased her income by obtaining employment. However, the father offered only generalized allegations that his shelter costs had increased, and that the amount of support was insufficient to meet the children's needs. Under these circumstances, a modification of the child support provision of the judgment of divorce was not warranted (*see Matter of Love v Love, supra*; *Shedd v Shedd, supra*). Schmidt, J.P., Santucci, Mastro and Lifson, JJ., concur.