■ In the Matter of MARY J. IANNIELLO, Appellant-Respondent, v THOMAS H. FOX, Respondent-Appellant. (And Another Related Proceeding.) [823 NYS2d 246]—

Lahtinen, J. Cross appeals from two orders of the Family Court of Saratoga County (Abramson, J.), entered July 20, 2005 and September 20, 2005, which, inter alia, granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 4, for modification of a prior child support order.

The parties' 1997 judgment of divorce incorporated but did not merge a 1995 separation agreement in which they opted out of the Child Support Standards Act (*see* Family Ct Act § 413 [hereinafter CSSA]) and respondent agreed to pay petitioner $250 per week child support for their two children (born in 1990 and 1991). Approximately two years after the divorce, both children were diagnosed with learning disabilities. Petitioner, who remarried and concededly enjoys an affluent standard of living, left her job reportedly to devote more time to the children's educational needs. She sought modification of

respondent's child support obligation based upon, among other things, the children's learning disabilities. Following numerous delays and a prior appeal (*Fox v Fox*, 9 AD3d 549 [2004]), a hearing was eventually conducted, after which the Support Magistrate found that petitioner had established a ground for modification. The CSSA was then used to increase respondent's weekly support to $355.19, an amount that Family Court raised to $368.38. Both parties appeal.

We first address respondent's argument that petitioner failed to establish a basis for departing from the terms of the separation agreement. Where parties have fully and properly addressed child support in their separation agreement, the terms thereof "should not be freely disregarded" (*Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). Nevertheless, there are situations where modification is warranted and, "[r]ecognizing this, the Court [of Appeals] in *[Matter of] Brescia [v Fitts*, 56 NY2d 132 (1982)]* established a means for modification of support obligations, based purely on the needs of the child. Separately, in *Boden*, [the Court] recognized the need for modification based on maintaining the fairness of the original agreement as between the parties in light of a subsequent unanticipated change in circumstances, or undoing an agreement that was unfair ab initio" (*Matter of Gravlin v Ruppert, supra* at 5; *see Matter of Doherty v DeAngelo*, 229 AD2d 711, 712 [1996]; *Matter of Schroder v Schroder*, 205 AD2d 986, 987-988 [1994]). The overriding concern focuses on the child (who was not a party to the separation agreement) and "the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met" (*Matter of Gravlin v Ruppert, supra* at 5).

Here, there was neither a showing that the needs of the children were not being fully met nor was there persuasive evidence that an unanticipated change significantly altered the fairness of the original agreement. Petitioner acknowledged that the child support payments that she receives from respondent are placed in a bank account for use on "frivolous" items that the children may want. The economic status of petitioner's current family affords her the ability to forego employment and, hence, spend more time assisting in the children's education. The children's teacher acknowledged at the hearing that it was not necessary for petitioner to stop work to meet the children's educational goals and there is no evidence that her decision to forego employment had any negative effect on the economic lifestyle afforded the children. The impact of the children's condi-

tion did not fall solely on petitioner. Respondent, who also enjoys financial success, remained involved with their educational progress and he hired a private tutor for times when the children's visitation with him fell during a school week. We are not suggesting that a child's learning disability could not under different circumstances provide a basis for modification of a support provision in a separation agreement (cf. *Sherman v Sherman*, 28 AD3d 738, 739 [2006]; *Gustin v Gustin*, 188 AD2d 513, 514-515 [1992, Miller, J., concurring]; *Lee v Lee*, 166 AD2d 378, 378 [1990], *lv denied* 77 NY2d 804 [1991]). Petitioner, however, failed in this case to sustain her burden of proof (*see Matter of McCluskey v Howard*, 12 AD3d 878, 878 [2004]; *see also Hejna v Reilly*, 26 AD3d 709, 711-712 [2006]). The remaining issues are academic.

Cardona, P.J., Spain and Kane, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and petitions dismissed.