■ In the Matter of DEBORAH KERNER, Appellant, v IRA KERNER, Respondent. [847 NYS2d 614]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Westchester County (Devlin, J.), dated November 3, 2006, which denied her objections to an order of the same court (Cabanillas-Thompson, S.M.), dated August 17, 2006, which, sua sponte, modified a judgment of divorce dated December 16, 2004, by directing the father to pay only 58% of child care expenses, effective August 31, 2005, and, in effect, denied her petition to modify a stipulation of settlement dated November 10, 2004, which was incorporated but not merged into the judgment of divorce, to direct the father to pay a portion of the expense of the children's camp.

Ordered that the order dated November 3, 2006 is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated August 17, 2006, as, sua sponte, modified the judgment of divorce by directing the father to pay only 58% of childcare expenses, effective August 31, 2005, and substituting therefor a provision sustaining that objection to the extent of directing the father to pay 79% of the childcare expenses during the period commencing August 31, 2005, to November 10, 2006; as so modified, the order dated November 3, 2006, is affirmed, without costs or disbursements, and the order dated August 17, 2006, is modified accordingly.

The mother sought to modify the parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, to direct the father to pay for certain camp expenses in light of the fact that child care expenses had otherwise decreased. The stipulation expressly provided that "[t]he mother shall be responsible to pay for all extracurricular activities of the children including but not limited to . . . camp . . . without an obligation on the part of the Father to contribute to same." The mother does not dispute that the stipulation was fair and equitable when the parties signed it. Where the parties have provided for child support in an agreement, it is to be assumed that they have anticipated and adequately provided for the child's future needs and the terms of the agreement " 'should not be freely disregarded' " (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002], quoting *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). As the mother's claim is directed solely to readjusting the respective obligations of the parents to support their children, the mother was required to demonstrate an "unforeseen change in circumstances and a concomitant

showing of need" to warrant a modification (*Matter of Boden v Boden,* 42 NY2d at 213; *see Matter of Brescia v Fitts,* 56 NY2d 132, 138 [1982]). The mother failed to meet this burden. Accordingly, the Family Court properly denied her objection to so much of the order dated August 17, 2006, as, in effect, denied her petition to modify the stipulation.

The Family Court erred, however, in denying the mother's objection to that portion of the order dated August 17, 2006, which directed the father to pay 58% of childcare expenses, effective August 31, 2005. The stipulation of settlement provides that the father was required to pay 79% of the childcare expenses for the first 24 months following the parties' execution of the stipulation, which was dated November 10, 2004. Accordingly, this objection should have been sustained to the extent of directing the father to pay 79% of the childcare expenses during the period commencing August 31, 2005 to November 10, 2006, and the order dated August 17, 2006 must be modified accordingly. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.