■ In the Matter of SARINA IMPERATO, Respondent, v ANTHONY IMPERATO, Appellant. [862 NYS2d 585]—

In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Orange County (Bivona, J.), dated October 11, 2007, which sustained the petitioner's objections to an order of the same court (Cabanillas-Thompson, S.M.), dated April 17, 2007, granting, after a hearing, the petition to the extent of awarding child support in the amount of $1,066.44 per month, and directed Anthony Imperato to pay monthly child support in the amount of $2,296.50 per month.

Ordered that the order dated October 11, 2007 is reversed, with costs, the petitioner's objections are denied, and the order dated April 17, 2007 is reinstated.

The parties entered into a separation agreement which was incorporated but not merged into a subsequent judgment of divorce. Pursuant to its terms, the father agreed to pay child support to the mother at the equivalent of $1,066.44 per month pursuant to the Child Support Standards Act (hereinafter the CSSA), comprising payments of $600 per month for 10 years in addition to the mother's immediate receipt of the father's share of the equity in the marital residence ($40,000), plus $5,000 cash. The agreement also included a provision that if, after 10 years, the mother were to seek modification, "she may do so only if such request meets all of the then existing statutory requirements."

At the expiration of the 10-year period, the father had been paying $600 per month in child support. In November 2006 the mother petitioned for an upward modification of child support. The Support Magistrate increased the award of child support to the sum of $1,066.44 per month. The Family Court granted the mother's objection to this sum and increased child support to the sum of $2,296,50 per month. The father appeals.

The Support Magistrate correctly awarded child support in the sum of $1,066.44, as per the parties' agreement, upon the mother's petition for an upward modification following the passing of the 10-year period.

Contrary to the mother's assertion, a request for an upward modification of a child support amount that complied with the CSSA at the time the agreement was entered into must be supported by specific evidence of an unanticipated change in circumstances or a showing that the children's needs were not being met, which the wife failed to provide (*see Matter of Boden v Boden,* 42 NY2d 210 [1977]; *Matter of Kerner v Kerner,* 46 AD3d 683 [2007]). Accordingly, the Family Court erred in increasing the amount of child support to $2,296.50 per month (*see Weill v Weill,* 17 AD3d 666 [2005]). Fisher, J.P., Covello, Angiolillo and Belen, JJ., concur.