■ In the Matter of THOMAS COSTA, Respondent, v LUCIE P. COSTA, Appellant. [882 NYS2d 483]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Klein, J.), dated November 10, 2008, as denied her objections to an order of the same court (Krahulik, S.M.) dated September 2, 2008, which, after a hearing, directed her to pay child support in the amount of $88 per week and to contribute a 50% share of the college expenses and unreimbursed medical expenses of the parties' son Zachary.

Ordered that the order dated November 10, 2008 is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the objections are granted, and the matter is remitted to the Family Court, Orange County, for further proceedings in accordance herewith.

The parties entered into a separation agreement which was incorporated but not merged into the judgment of divorce. The separation agreement provided that the father would not pay child support to the mother and the mother would not pay child support to the father. Pursuant to the separation agreement, it was the mother's responsibility to provide for the parties' older son Alexander and the father's responsibility to provide for the parties' younger son Zachary. Approximately 10 years after entering into the separation agreement, the father filed a petition seeking, inter alia, child support from the mother, and seeking to enforce the terms of the separation agreement and judgment of divorce insofar as they pertained to the sharing of Zachary's college expenses.

"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]). "Where, as here, the parties have included child support provisions in their separation agreement, the court should consider these provisions as between the parties and the stipulated allocation of financial responsibility should not be freely disregarded" (*Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). Since the instant "dispute is directed solely to readjusting the respective obligations of the parents to support their

child" (*Matter of Brescia v Fitts*, 56 NY2d 132, 139 [1982]; *see Matter of Kerner v Kerner*, 46 AD3d 683, 684 [2007]), a child support award in excess of that provided for in the separation agreement should not be made "[u]nless there has been an unforeseen change in circumstances and a concomitant showing of need" (*Matter of Boden v Boden*, 42 NY2d at 213; *see Matter of Gravlin v Ruppert*, 98 NY2d at 5).

The father failed to demonstrate an unreasonable and unanticipated change in circumstances since the time of the separation agreement to justify a modification of the child support obligations (*see Matter of Arciniega v Arciniega-Luizzi*, 48 AD3d 677 [2008]). While the father claimed that he sustained a loss of income in 2007 because he became disabled due to back problems and could no longer work in his construction business, he did not present any medical evidence to support his claim, nor any evidence that he made any efforts to replace his lost income by attempting to obtain another position with comparable compensation. He also failed to demonstrate that he could not work at another job (*see Matter of Awwad v Awwad*, 62 AD3d 695 [2009]; *Matter of Ferrara v Ferrara*, 52 AD3d 599 [2008]; *Matter of Terjesen v Terjesen*, 29 AD3d 705 [2006]). Moreover, there was no persuasive evidence that the purported unanticipated change significantly altered the fairness of the original agreement (*see Matter of Ianniello v Fox*, 33 AD3d 1094, 1095 [2006]). Accordingly, the Support Magistrate improperly directed the mother to pay child support and 50% of Zachary's unreimbursed medical expenses to the father.

Pursuant to the separation agreement, the parties agreed to contribute to "any and all post-high school educational expenses incurred on behalf of the children to the extent that each of them is able to do so." The separation agreement defined such expenses as, inter alia, "tuition, room and board, books, supplies, application fees and activity fees." Accordingly, the separation agreement reveals a clear intent of the parties to contribute to the college expenses of the children to the extent each is able to do so (*see Washington v Washington*, 56 AD3d 463, 464 [2008]). However, at the hearing there was no credible evidence regarding the amount of Zachary's college expenses. Therefore, there is an insufficient record to determine whether the mother is financially able to pay a 50% share of such college expenses. Consequently, we remit the matter to the Family Court, Orange County, for a new hearing and determination as to amount of college expenses incurred by Zachary, and the percentage which the mother is financially able to pay for such expenses. Skelos, J.P., Angiolillo, Chambers and Lott, JJ., concur.