■ Toby Warshaw Friedman, Appellant, v Edward Friedman, Respondent. [885 NYS2d 720]—

In a matrimonial action in which the parties were divorced by judgment dated May 11, 2004, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated May 16, 2008, as denied, without a hearing, that branch of her motion which was for an upward modification of the defendant former husband's child support obligation pursuant to a stipulation of settlement, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The terms of a separation agreement incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]). Where the parties provide for child support in the separation agreement, the court should assume that they have anticipated and adequately provided for the child's future needs and the terms of the agreement " 'should not be freely disregarded' " (*Matter of Gravlin v Ruppert*, 98 NY2d at 5, quoting *Matter of Boden v Boden*, 42 NY2d 210, 212-213 [1977]). Therefore, "[u]nless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made . . . where the agreement was fair and equitable when entered into" (*Matter of Boden v Boden*, 42 NY2d at 213; *see Engel v Jacobs*, 297 AD2d 657 [2002]).

"However, the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met" (*Matter of Gravlin v Ruppert*, 98 NY2d at 5). Where a change of circumstances is shown which results in the child's needs not being adequately met, an increase in child support is warranted (*see Matter of Brescia v Fitts*, 56 NY2d 132, 140 [1982]; *Engel v Jacobs*, 297 AD2d 657 [2002]; *Belkin v Belkin*, 193 AD2d 573 [1993]).

Contrary to the plaintiff's contention, under the circumstances of this case, the increase in the defendant's income does not constitute an unanticipated change in circumstances justifying an increase in his child support obligation (*see Matter of Boden v Boden*, 42 NY2d at 213; *Matter of DiGiorgi v Buda*, 26 AD3d 434 [2006]; *Engel v Jacobs*, 297 AD2d at 658). Nor was there was a showing that the child's needs were not being adequately met (*see Matter of Imperato v Imperato*, 54 AD3d 375, 376 [2008]; *Matter of DiGiorgi v Buda*, 26 AD3d at 434; *Engel v Jacobs*, 297 AD2d at 658). Accordingly, the Supreme Court properly denied, without a hearing, that branch of the plaintiff's motion which was for an upward modification of the defendant's child support obligation (*see Belkin v Belkin*, 193 AD2d at 573). Dillon, J.P., Miller, Leventhal and Chambers, JJ., concur.