■ In the Matter of JILL ALEXANDER, Appellant, v DAVID STRATHAIRN, Respondent. [892 NYS2d 861]—

We agree with the Family Court that the October 18, 2004, order entered on consent setting the father's child support obligation adequately complied with Family Court Act § 413 (1) (h) (*see Ricca v Ricca*, 57 AD3d 868, 869 [2008]; *Blaikie v Mortner*, 274 AD2d 95, 100, 101 [2000]). Moreover, since the mother failed to show either an unanticipated, substantial change in circumstances since the entry of the consent order, or that the child's reasonable needs were not being met with the current level of support, an upward modification was properly denied (*see Friedman v Friedman*, 65 AD3d 1081 [2009]; *Matter of Imperato v Imperato*, 54 AD3d 375, 376 [2008]). "While an increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of child support, this factor alone is not determinative" (*Matter of DiGiorgi v Buda*, 26 AD3d 434, 434 [2006]; *see Matter of Love v Love*, 303 AD2d 756, 756 [2003]).

Finally, the denial of the mother's application for an attorney's fee was a provident exercise of discretion under the circumstances of the case (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Morrissey v Morrissey*, 259 AD2d 472, 473 [1999]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.