◼ DIANE NELSON, Appellant, v KEITH NELSON, Respondent. [904 NYS2d 663]—

In a matrimonial action in which the parties were divorced by judgment dated May 27, 1998, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Buetow, Ct. Atty. Ref.), dated March 11, 2009, in effect, denying, after a hearing, that branch of her motion which was for an upward modification of the defendant's child support obligation set forth in a stipulation of settlement, which was incorporated but not merged into the judgment of divorce.

Ordered that the order is affirmed, with costs.

The terms of a stipulation or settlement agreement incorporated "but not merged into a judgment of divorce operate as contractual obligations binding on the parties" (*Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *see Merl v Merl*, 67 NY2d 359, 362 [1986]; *Friedman v Friedman*, 65 AD3d 1081, 1082 [2009]; *Matter of Costa v Costa*, 64 AD3d 590, 591 [2009]). Where the parties have included child support provisions in the agreement, it is "presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child" (*Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]). As such, "[a]bsent a showing of an unanticipated and unreasonable change in circumstances, the support

provisions of the agreement should not be disturbed" (*id.* at 213; *see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Alexander v Strathairn*, 69 AD3d 930, 931 [2010]; *Lee v Fromcheck*, 67 AD3d 867 [2009]; *Matter of DiGiorgi v Buda*, 26 AD3d 434 [2006]; *Weiss v Weiss*, 294 AD2d 566, 567 [2002]). "[A] showing that the children's needs were not being met" may also provide a basis for an upward modification of child support (*Matter of Imperato v Imperato*, 54 AD3d 375, 376 [2008]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 138 [1982]; *Matter of Kerner v Kerner*, 46 AD3d 683, 684-685 [2007]; *Matter of Ianniello v Fox*, 33 AD3d 1094, 1095 [2006]).

In the instant case, we agree that the plaintiff failed to show either an unanticipated and unreasonable change in circumstances since the entry of the judgment of divorce or that the children's needs were not being met with the current level of support (*see Matter of Boden v Boden*, 42 NY2d at 213; *Matter of Costa v Costa*, 64 AD3d at 592; *Matter of Imperato v Imperato*, 54 AD3d at 376; *Matter of Ianniello v Fox*, 33 AD3d at 1096). Accordingly, the Supreme Court properly denied the plaintiff's motion for an upward modification of child support (*see Matter of Alexander v Strathairn*, 69 AD3d at 931; *Friedman v Friedman*, 65 AD3d at 1082; *Matter of DiGiorgi v Buda*, 26 AD3d at 435). Rivera, J.P., Balkin, Austin and Roman, JJ., concur.