In the Matter of DAVID WEINSCHNEIDER, Respondent, v DEVORAH WEINSCHNEIDER, Appellant. [930 NYS2d 672]—

"The terms of a stipulation of settlement that is incorporated but not merged into a judgment of divorce operate as contractual obligations binding on the parties. Generally, child support provisions deriving from such an agreement may be modified upon a showing that the agreement was not fair and equitable when entered into, or upon a showing of an unanticipated and unrea-

sonable change in circumstances" (*Martin v Martin*, 80 AD3d 579, 580 [2011] [internal citations omitted]). Here, the father did not establish that the parties' stipulation of settlement was not fair and equitable when entered into, and further failed to establish a showing of an unanticipated and unreasonable change in circumstances (*see Matter of Costa v Costa*, 64 AD3d 590, 592 [2009]; *Matter of Dallin v Dallin*, 250 AD2d 847, 848 [1998]; *Tuchrello v Tuchrello*, 204 AD2d 1020 [1994]; *Matter of McMullen v Ambrosiani*, 189 AD2d 973, 974-975 [1993]). Accordingly, the father was not entitled to a downward modification of his child support obligation as set forth in the parties' stipulation of settlement, and the mother's objections regarding the downward modification should have been sustained.

Additionally, since the support magistrate improperly precluded the mother from providing testimony regarding her cross petition for an upward modification of the father's child support obligation (*see Manno v Manno*, 224 AD2d 395, 398-399 [1996]), her objections as to that issue should also have been sustained. Accordingly, we reinstate the mother's cross petition and remit the matter to the Family Court, Kings County, for a hearing and new determination on the mother's cross petition for an upward modification of the father's child support obligation.

In light of our determinations, we need not address the mother's remaining contentions. Rivera, J.P., Florio, Austin and Sgroi, JJ., concur.