CHRISTINE REESE, Respondent, v WALTER REESE, Appellant. [975 NYS2d 900]—

In a matrimonial action in which the parties were divorced by judgment entered December 18, 2007, the defendant appeals from an order of the Supreme Court, Nassau County (J. Murphy, J.), entered April 5, 2012, which granted, without a hearing, those branches of the plaintiff's cross motion which were for an upward modification of the defendant's child support obligation set forth in a stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and for an award of an attorney's fee.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and those branches of the plaintiff's cross motion which were for an upward modification of the defendant's child support obligation and for an award of an attorney's fee are denied.

A child support agreement based on a stipulation of settlement which is incorporated but not merged into the divorce judgment should not be disturbed absent a showing that the

agreement was unfair or inequitable, that there was an unanticipated change in circumstances (*see Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]; *Nelson v Nelson*, 75 AD3d 593, 593-594 [2010]; *Matter of Mason v Papol*, 63 AD3d 942 [2009]), or that the children's needs were no longer being met (*see Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]; *Matter of Imperato v Imperato*, 54 AD3d 375, 376 [2008]). Here, the plaintiff failed to make the requisite showing to warrant an upward modification of child support. Accordingly, the Supreme Court should not have granted that branch of the plaintiff's cross motion which was for an upward modification of the defendant's child support obligation (*see Matter of Alexander v Strathairn*, 69 AD3d 930, 931 [2010]; *Friedman v Friedman*, 65 AD3d 1081, 1082 [2009]).

Further, under the circumstances of this case, the Supreme Court should not have granted that branch of the plaintiff's cross motion which was for an award of an attorney's fee (*see* Domestic Relations Law § 237 [b]; *Matter of Alexander v Strathairn*, 69 AD3d at 931).

In light of our determination, the defendant's remaining contentions need not be considered. Rivera, J.P., Skelos, Chambers and Hall, JJ., concur.