# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1283**
**CA 15-00863**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

CARLA M. MANCUSO, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

MICHAEL D. MANCUSO, DEFENDANT-APPELLANT.

---

DAVIDSON FINK LLP, ROCHESTER (DONALD A. WHITE OF COUNSEL), FOR DEFENDANT-APPELLANT.

DENTINO, CAMMARATA & FAZIO, LLC, ROCHESTER (MICHAEL PAUL OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Elma A. Bellini, J.), entered December 22, 2014. The order, insofar as appealed from, granted that part of plaintiff's motion seeking an upward modification of child support.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and that part of the motion seeking an upward modification of child support is denied.

Memorandum: Defendant appeals from an order that, insofar as appealed from, granted that part of plaintiff's motion for an upward modification of child support. We agree with defendant that Supreme Court erred in concluding that it was required to recalculate child support upon the termination of defendant's maintenance obligation and in granting that part of plaintiff's motion on that ground. The judgment of divorce reflected an award of child support to plaintiff in which defendant's maintenance payments had been deducted from his income in calculating child support, but there was no provision in the judgment for an adjustment to child support upon the termination of maintenance, as required by Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C) (*see Antinora v Antinora*, 125 AD3d 1336, 1338; *Lazar v Lazar*, 124 AD3d 1242, 1244-1245). Neither party took an appeal from the judgment of divorce, however, and we conclude that the court erred in essentially correcting the error upon plaintiff's subsequent request for a modification of child support (*see generally Matter of Baker v Baker*, 291 AD2d 751, 752-753). Rather, plaintiff was required to show a substantial change in circumstances warranting an upward modification of child support (*see* § 236 [B] [9] [b] [2] [i]), and we conclude that she failed to make that showing.

"Among the factors to be considered in determining whether there has been a change in circumstances warranting an upward modification

of support are the increased needs of the children, the increased cost of living insofar as it results in greater expenses for the children, a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent, and the current and prior lifestyles of the children" (*Matter of DiGiorgi v Buda*, 26 AD3d 434, 434 [internal quotation marks omitted]; *see Shedd v Shedd*, 277 AD2d 917, 917-918, *lv dismissed* 96 NY2d 754). " 'While an increase in the noncustodial parent's income is a factor which may be considered in deciding whether to grant an upward modification of child support, this factor alone is not determinative' " (*DiGiorgi*, 26 AD3d at 434).

Here, the record establishes that defendant's income had decreased since the judgment was entered, and therefore the termination of his maintenance obligation would result in only a small increase in his income. Although plaintiff contends that the termination of maintenance resulted in a substantial change in her income, she failed to show that she would be unable to replace that lost income through employment. Indeed, in recalculating defendant's child support obligation, the court imputed income to plaintiff in the amount she had been receiving in maintenance (*see Belkhir v Amrane-Belkhir*, 118 AD3d 1396, 1397-1398; *Irene v Irene* [appeal No. 2], 41 AD3d 1179, 1180-1181). Plaintiff failed to demonstrate any other factors in support of an upward modification in child support inasmuch as she did not introduce any evidence of increased needs of the children, a loss of assets, or a change in the current and prior lifestyles of the children (*see Matter of Rosenthal v Buck*, 281 AD2d 909, 909-910; *Matter of Faery v Piedmont*, 181 AD2d 1014, 1014).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court