Matter of Deborah K. v Richard K. (2022 NY Slip Op 01391)





Matter of Deborah K. v Richard K.


2022 NY Slip Op 01391


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Docket No. F-44792-14/15C F-44792-14/16D F-44792 -14/17H Appeal No. 15414-15415 Case No. 2020-03551 

[*1]In the Matter of Deborah K., Petitioner-Respondent,
v
Richard K., Respondent-Appellant. 


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Harfenist Kraut & Perlstein LLP, Lake Success (Steven J. Harfenist of counsel), for respondent.



Order, Family Court, New York County (Machelle J. Sweeting, J.), entered on or about March 6, 2020, which, denied respondent father's objections as untimely, and granted, in part, the mother's objections to the amended orders of the same court (Tionnei Clarke, Support Magistrate), entered on or about August 2, 2019, and capped the father's credit for payments made to the mortgagee of the former marital apartment at $25,200, unanimously modified, on the facts and the law, to vacate the cap of $25,200, and otherwise affirmed, without costs.
The father's objections to the August 2, 2019 amended orders of the Support Magistrate were untimely (Family Court Act § 439[e]), and we find that he failed to proffer a reasonable excuse for the delay. Nevertheless, we exercise our discretion to entertain this appeal (see Family Court Act § 1112), to the extent it implicates the Family Court's subject matter jurisdiction to modify the parties' stipulation of settlement agreement, dated February 26, 2013 (see Family Court Act § 461; Matter of Georgette D.W. v Gary N.R., 134 AD3d 406, 406 [1st Dept 2015]).
A stipulation of settlement which is incorporated but not merged into the parties' judgment of divorce may be reformed only in a plenary action (see Gottlieb v Gottlieb, 294 AD2d 537, 538 [2d Dept 2002]). Family Court does not have jurisdiction to modify a separation agreement (id.). Under the terms of the parties' stipulation of settlement, the father is entitled to pay his $2,100 in monthly child support directly to the mortgagee of the parties' former marital apartment. However, the Family Court erred in capping the father's credit against support arrears at $25,200 per year based on this provision. Although Family Court found that there was no similar provision with respect to spousal support, in fact the parties' stipulation permits the father to also deduct the payment of apartment expenses, including the mortgage, from his spousal support. Accordingly, Family Court improperly amended the stipulation by imposing an annual maximum credit to which the father is entitled based solely on his child support obligation.
The father's remaining objections to the Support Magistrate's amended orders are unpreserved for appellate review (see Matter of Loretta C.W. v Mark A.W., 77 AD3d 588, 589 [1st Dept 2010]).
Family Court properly determined that arrears should be calculated from March 2013 since that is when the father's support obligations commenced as per the parties' stipulation and judgment of divorce. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022